UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL ACTION NO. |
| | ) | |
| Plaintiff, | ) | 1:21-CR-638 |
| | ) | |
| v. | ) | |
| | ) | |
| GILBERTO FONTICOBA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION TO DISMISS COUNT ONE OF THE INDICTMENT AND MEMORANDUM OF LAW

Defendant Gilberto Fonticoba hereby moves to dismiss Count One of the Indictment and, in support of the motion, sets forth the following facts and legal argument.

### GROUNDS

1. A defendant may move to dismiss an indictment on the grounds that it fails to state an offense. Fed. R. Crim. P. 12(b)(3)(B).

2. Count One of the Indictment charges Fonticoba with obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2). It reads:

> On or about January 6, 2021, within the District of Columbia and elsewhere, GILBERT FONTICOBA , attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18.

## MEMORANDUM OF LAW

In determining if the Government has overreached in charging Fonticoba under § 1512, where he faces 20 years in prison, this Court should be mindful that "due process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope." *United States v. Lanier*, 520 U.S. 259, 268 (1997). In this regard, the Supreme Court has commanded lower courts, in analyzing § 1512, to "exercise[] restraint in assessing the reach of [the]...statute both out of deference to ...Congress...and out of concern that a fair warning should be given the world in language that the common world will understand, of what the law intends if a certain line is passed[.]" *United States v. Arthur Andersen, LLP*, 544 U.S. 696, 703 (2005).

Similarly, this Court must also adhere to the rule of lenity in analyzing the Government's first-time, unusual use of § 1512 in this way. The rule of lenity requires strict construction of all criminal statutes, like § 1512. In other words, any vagueness or liberal interpretation as to the meaning of terms in a statute must be construed against the Government and in favor of the accused. *See, e.g., United States v. Cook,* 594 F.3d 883, 890 (D.C. Cir.), *cert. denied,* 560 U.S. 947 (2010).

Also, "[i]t is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain...the sole function of the courts is to enforce it according to its terms." *United States v. Hite*, 769 F.3d 1154, 1160 (D.C. Cir. 2014) (*quoting Caminetti v. United States,* 242 U.S. 470, 485 (1917) (internal quotes omitted)).

Specifically, 18 U.S.C. § 1512(c) provides:

>  Whoever corruptly –
>
>  (1)  alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or
>
>  (2)  Otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so, . . . shall be fined . . . or imprisoned.

Applying the above rules of statutory construction, another D.C. court in some January 6 cases has held that the word "otherwise" links subsection (c)(1) with subsection (c)(2), in that subsection (c)(2) is read as a catchall for the prohibitions described in subsection (c)(1). *United States v. Miller,* No. 21-cr-00119, Dkt. No. 72, slip op. at 28 (D.D.C. Mar. 7, 2022) and *United States v. Fischer,* No. 21-cr-00234, Dkt. No. 64, slip op. at 7 (D.D.C. March 15, 2022). Likewise, this Court should follow these holdings and reject the Government's novel, expansive interpretation of 18 U.S.C. § 1512(c).

Therefore, for Fonticoba's conduct to fall within the ambit of subsection (c)(2),he must "have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding." *Id.* However, undoubtedly, the Indictment does not allege that he has taken any such action. Count One of the Indictment alleges only that he "attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18." Certainly, there is no allegation that

3

Fonticoba committed any action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence Congress's certification of the electoral vote. Of course, in considering a Rule 12 motion to dismiss, this Court must "accept the facts stated in the indictment as true." *United States v. Syring*, 522 F. Supp. 2d 125, 128 (D.D.C. 2007); *United States v. Sampson*, 371 U.S. 75, 78 (1962). And this Court "cannot consider facts beyond the four corners of the indictment." *United States v. Ring*, 628 F. Supp. 2d 195, 204 (D.D.C. 2009) (internal quotations omitted).

## **CONCLUSION**

Based upon the foregoing, the Court should grant this motion and dismiss Count I of the Indictment.

    Respectfully submitted,

    /s/Aubrey Webb

Law Offices of Aubrey Webb
55 Merrick Way, Suite 212
Coral Gables, Florida 33134
305-461-1116
Email: aubrey@aqwattorney.com

/s/Charles R. Haskell
Law Offices of Charles R. Haskell
641 Indiana Ave. N.W.,
Washington D.C. 20004
202-888-2728
Email: Charles@CharlesHaskell.com

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing was efiled to the Office of the Clerk, United States District Court, District of Columbia, 333 Constitution Ave., N.W. Washington D.C. 20001, Room 1225 and to the Office of the United States Attorney, 555 4th St N.W., Washington D.C. 20530, on August 2, 2022.

    /s/Aubrey Webb

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CRIMINAL ACTION NO.** |
| | ) | |
| **Plaintiff,** | ) | **1:21-CR-638** |
| | ) | |
| v. | ) | |
| | ) | |
| **GILBERTO FONTICOBA,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## **ORDER**

Upon consideration of Defendant's Motion to Dismiss Count One of the Indictment for Failure to State an Offense, said motion is this _____ day of _____, 2022 is GRANTED; and

ORDERED Count One of the Indictment filed in this case is hereby DISMISSED for failure to state an offense.

_____
United States District Judge