UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        Plaintiff,

CASE NO.: 21-CR-638

vs.

GILBERT FONTICOBA

        Defendant.
_____/

## DEFENDANT'S MOTION FOR BILL OF PARTICULARS AND MEMORANDUM OF LAW

COME NOW the Defendant, GILBERT FONTICOBA, who by and through undersigned counsel and pursuant to Federal Rule of Criminal Procedure 7(f), and files this Motion for a Bill of Particulars seeking an Order directing the Government to supply the following particulars in reference to the indictment filed in the above-captioned case:

1. As to Count Two, charging Civil Disorder, 18 U.S.C. § 231(a)(3), Mr. Fonticoba needs to know the name/identity of the law enforcement officer(s) from the U.S. Capitol Police Department, who Mr. Fonticoba allegedly obstructed or interfered with in the performance of their duties, and how did he purportedly interfered or obstructed them in the performance of their duties.

2. As to Count Four, charging Disorderly and Disruptive Conduct in Restricted Building or Grounds, 18 U.S.C. §§ 1752(a)(2), he needs to know the nature of all

events, behavior, and actions upon which the prosecution will rely on to prove this charge, and how such acts are separate and distinct from the alleged criminal acts charged in Count Three charging Entering and Remaining in a Restricted Building or Grounds, 18 U.S.C. § 1752(a)(1), Count Five charging Disorderly Conduct in a Capitol Building, 40 U.S.C. § 5104(e)(2)(D), and Count Six charging Parading, Demonstrating, or Picketing in Capitol Building, 40 U.S.C. § 5104(e)(2)(G); Mr. Fonticoba was allegedly inside the Capitol for less than five (5) minutes, so the Defense needs to know which distinct acts by Mr. Fonticoba form the basis for each count.

  3.  As to Count One, charging Obstruction of an Official Proceeding, he needs to know the nature of any statements (written, spoken, or adopted), events, actions, behavior, and actions upon which the prosecution will rely on to establish or prove Mr. Fonticoba demonstrated the heightened mens rea of "corrupt" intent. *United States v. Arthur Anderson LLP*, 125 S. Ct. 2129 (2005) (holding that "corruptly" in 18 U.S.C. § 1512 means immoral, depraved, or evil purpose).

## **MEMORANDUM OF LAW**

Federal Rule of Criminal Procedure 7(f) provides that the Court may direct the filing of a bill of particulars upon the motion of a defendant. The purpose of a bill of particulars is to tell the defendant of the nature of the charges in such a way as to ensure that he: (1) understand the charges, (2) can prepare a

defense, (3) can avoid prejudicial surprise at trial, and (4) can be protected against retrial for the same offense. *See, e.g., United States v. Butler*, 822 F. 2d 1191 (D.C. Cir. 1987); *see, e.g., United States v. Ramirez*, 602 F. Supp. 783, 793 (S.D.N.Y. 1985). The determination as to whether a bill of particulars should be provided is within the discretion of the trial court. *Butler*, 822 F. 2d at 1194.

As to Count Four, charging Disorderly and Disruptive Conduct in Restricted Building or Grounds, 18 U.S.C. §§ 1752(a)(2), Fonticoba needs more information to prepare his defense and avoid prejudicial surprise at trial. He seeks to know the nature of his behavior and actions upon which the prosecution will rely on to prove this charge, and how such acts are separate and distinct from the alleged criminal acts charged in Count Three charging Entering and Remaining in a Restricted Building or Grounds, 18 U.S.C. § 1752(a)(1), Count Five charging Disorderly Conduct in a Capitol Building, 40 U.S.C. § 5104(e)(2)(D), and Count Six charging Parading, Demonstrating, or Picketing in Capitol Building, 40 U.S.C. § 5104(e)(2)(G); Fonticoba was allegedly inside the Capitol for less than five (5) minutes, so the Defense needs to know which distinct acts by Mr. Fonticoba form the basis for each count.

Through pleadings and discovery, in Count Two, the Government is alleging that his conduct when encountering a barricade outside Capital grounds is the factual basis. Mr. Fonticoba is entitled to know the name of the police

3

officer(s) he obstructed or interfered with and what actions or behavior constituted obstruction or interfered with.

Further, regarding the obstruction charge in Count One, and its heightened mens rea element of corruptly, the Government's pleadings and discovery also fail to apprise the Defense what actions constitute his corrupt intent. *See United States v. Arthur Anderson LLP*, 125 S. Ct. 2129 (2005) (holding that "corruptly" in 18 U.S.C. § 1512 means immoral, depraved, or evil purpose). Mr. Fonticoba is entitled to know what separates his alleged actions from the hundreds of January 6 defendants who were not charged with felony obstruction, but were in the Capitol too.

WHEREFORE, it is respectfully requested that the Court grant this Motion for Bill of Particulars.

RESPECTFULLY SUBMITTED,

/s/Aubrey Webb
Law Offices of Aubrey Webb
55 Merrick Way, Suite 212
Coral Gables, Florida 33134
305-461-1116
Email: aubrey@aqwattorney.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was e-filed to the Office of the Clerk, United States District Court, District of Columbia, 333 Constitution Ave., N.W. Washington D.C. 20001, Room 1225 and to the

Office of the United States Attorney, 555 4th St N.W., Washington D.C. 20530, on 27th June 2023.

/s/Aubrey Webb