# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | **Case No. 21-cr-638** |
| **v.** | **:** | |
| | **:** | |
| **GILBERT FONTICOBA,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S
## MOTION FOR BILL OF PARTICULARS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby files this response to defendant Gilbert Fonticoba's (the "defendant") motion for a bill of particulars and memorandum of law, filed though counsel, ECF No. 31, hereinafter "Def. Mot." The defendant moves under Federal Rule of Criminal Procedure 7(f) for a bill of particulars and essentially makes three requests (1) as to Count Two, charging 18 U.S.C. § 231(a)(3), identify the "name/identity of all law enforcement officer(s)" the defendant allegedly obstructed or interfered with during the performance of their duties, and how he did so; (2) as to Count Four, charging 18 U.S.C. § 1752(a)(2), identify the "nature of all events, behavior, and actions upon which the prosecution will rely" and how that differentiate from Count Three (18 U.S.C. § 1752(a)(1)), Count Five (40 U.S.C. § 5104(e)(2)(D)), and Count Six (40 U.S.C. § 5104(e)(2)(G)); and finally, (3) as to Count One, charging 18 U.S.C. § 1512(c)(2), identify "the nature of any statements (written, spoken, or adopted), events, actions, behavior, and actions upon which the prosecution will rely on to establish or prove Mr. Fonticoba demonstrated the heightened mens rea of 'corrupt' intent." *See* Def. Mot. at 1-2.

Whether a bill of particulars is appropriate lies within this Court's "sound discretion." *United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006) (quotation omitted). Exercising that

discretion, this Court should deny the motion to the extent that it seeks relief beyond the information included in this response.

## PROCEDURAL HISTORY

On October 22, 2021, a grand jury returned a six-count indictment charging the defendant with the following offenses: 18 U.S.C. §§ 1512(c)(2), 2 (obstruction of an official proceeding); 18 U.S.C. §§ 231(a)(3), 2 (civil disorder); 18 U.S.C. §§ 1752(a)(1) and (2) (entering and remaining in a restricted building or grounds and disorderly and disruptive conduct in a restricted building or grounds,); and 40 U.S.C. §§ 5104(e)(2)(D) and (G) (disorderly conduct in a Capitol building and parading, demonstrating, or picking in a Capitol building). *See* ECF No. 1.

Between on or about December 13, 2021, and May 9, 2022, the government produced individual discovery capturing the defendant's march to the Capitol, conduct on the west side of the Capitol, and entrance into the Capitol building. The government has also produced the defendant's phone extraction, as well as relevant cross discovery that includes encrypted telegram messages between and among the defendant and other Proud Boys, including but not limited to the device of Enrique Tarrio, which contains extensive communications among members of the Vice City chapter of the Proud Boys, of which the defendant is a member. The government has also produced in discovery group messages specifically created by Enrique Tarrio and others, including the defendant, for the purposes of January 6, such as the Ministry of Self Defense and Boots on Ground.  Finally, through its global discovery productions, the government has provided over 5.83 million files, including over 30,000 body-worn and hand-held camera files and thousands of FBI 302s related to the investigation of January 6.

## FACTUAL BACKGROUND

As the government has previously produced in case-specific discovery, prior to January 6, 2021, the defendant posted on social media regarding the presidential election and alleged "mass

voter fraud." Beginning in December 2020, the defendant posted on social media about the "March on Congress" scheduled for January 6, and posted statements such as "Congress will be meeting on January 6th to confirm the electoral college votes." The defendant queried his audience whether they would "stand up and FIGHT for the integrity of our republic," or "sit back idly and watch our country fall, while you bitch about it on social media?"

Then, on January 5, 2021, the defendant traveled to Washington, D.C.  On January 6, 2021, the defendant marched to the Capitol with other members of the Proud Boys and confronted police officers attempting to hold a police line, as rioters tore down barricades and confronted the officers. The defendant participated in an effort to tear down a black metal fence just minutes after charging onto Capitol grounds. While on Capitol grounds, the defendant traveled with other Proud Boys, including time spent in the West Plaza and the West Lawn of the Capitol grounds. While there, the defendant continued to communicate with other Proud Boys, including updates on his conduct, such as, "We are in front of the capital" and "We are here we got maze and hit with paint balls."

At about 2:14 p.m., about one minute after the initial breach of the Capitol building, the CCTV footage obtained from Capitol Police captures the defendant entering the Capitol through the Senate Wing Door with Proud Boys Joseph Biggs and Paul Rae. At or around that time, the defendant communicated to other Proud Boys involved in the attack on the Capitol, "We just stormed the capital."

After exiting the Capitol, the defendant traveled to Baltimore, Maryland to connect and celebrate with Proud Boys Chairman, Enrique Tarrio. As images of the riot played on the television in Tarrio's hotel room, the defendant pointed at himself walking towards the Capitol and he proudly told Tarrio, "look at me right back there!" while pointing to himself on television.

## ARGUMENT

An indictment need only include "a plain, concise, and definite written statement of the essential facts constituting the offense charged," but a court may, in its discretion, "direct the government to file a bill of particulars" clarifying the allegations in the indictment. Fed. R. Crim. P. 7(c)(1), (f). A bill of particulars "ensure[s] that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987). It is not required, however, if the indictment "is sufficiently specific, or if the requested information is available in some other form." *Id.*; *see United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 179 (D.D.C. 2015) (denying motion for bill of particulars and noting that the government had provided extensive discovery that "allows Defendants to adequately prepare for trial").

A bill of particulars "is not a discovery tool or a devise for allowing the defense to preview the government's theories or evidence." *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999); *see also United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004) (same). Rather, a bill of particulars "is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation and not to provide the defendant with the fruit of the government's investigation." *United States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C. 2012) (internal quotation marks and citation omitted, emphasis in original). Therefore, a bill of particulars "properly includes clarification of the indictment, not the government's proof of its case." *United States v. Martinez*, 764 F. Supp. 2d 166, 173 (D.D.C. 2011) (internal quotation marks and citation omitted); *United States v. Savoy*, 889 F. Supp. 2d 78, 115 (D.D.C. 2012) (same); *see also United States v. Taylor*, 17 F. Supp. 3d 162, 178 (E.D.N.Y.

2014) (bill of particulars "may not be used by the defense as a fishing expedition or to force the government to reveal all its evidence before trial").

Applying this principle, judges of this Court have consistently denied motions for a bill of particulars where, as here, the motion seeks details about the nature of the government's evidence and how the government intends to prove its case. Thus, for example, in *United States v. Han*, 280 F. Supp. 3d 144, 149 (D.D.C. 2017), the Court denied a motion for a bill of particulars requesting information about the basis for fraud and tax charges against the defendant, including the precise representations allegedly made by the defendant and the amount of taxes allegedly owed. The Court explained that the requested information had already been provided to the defendant in discovery and elsewhere, and a "bill of particulars is meant to allow a defendant to properly prepare for trial, not provide a method to force the prosecution to connect every dot in its case." *Id.*

Similarly, in *Brodie*, the Court denied a motion for a bill of particulars requesting "the circumstances surrounding the alleged acts" of fraud committed by the defendants as well as "other evidentiary details." 326 F. Supp. 2d at 92. The Court reasoned that the charges set forth in the indictment were "detailed and alleged with particularity" and "the discovery provided by the government has been voluminous," and therefore there was "no reason for any further particularization of the overt acts." *Id.*

Here, in an effort to expedite these proceedings, the government provides the following information in response to the defendant's bill of particulars. To the extent that the defendant seeks information beyond that which is provided herein, the Court should deny the request.

The defendant first requests, as it relates to Count Two charging 18 U.S.C. § 231(a)(3), the government to identify the "name/identity of all law enforcement officer(s)" that the defendant allegedly obstructed or interfered with during the performance of their duties, and how he did so. In response, the government has provided the defendant with the following non-exclusive list of

relevant officer names, who are referred to herein as C.E., C.C., N.C., A.S., B.W., D.R., S.P., S.C., S.W.P., and S.P.

As it relates to the defendant's request that the government identify "how" the defendant violated the statute, the defendant's conduct is captured on numerous videos that have been produced in individual discovery to the defendant. Specifically, the videos capture the defendant's movements on the west side of the Capitol, including his advance past a waist high black metal fence at approximately 12:57 p.m. and his advance up a set of concrete stairs toward a line of officers at approximately 1:48 p.m. The government can identify a relevant sampling of the videos for defense counsel upon request, which include the file: Iphone_Nick_DC_20210106_IMG_11291.mov (previously produced in grand jury material and in January 2022, and showing the defendant and the officers at the black metal fence).

Second, the defendant requests, as to Count Four charging 18 U.S.C. § 1752(a)(2), that the government to identify the "nature of all events, behavior, and actions upon which the prosecution will rely" and how that differentiates from Count Three, Count Five, and Count Six. As an initial matter, the language in the indictment is clear as to the differences between these counts. For example, Counts Three and Four address, among other things, "restricted" areas, whereas Counts Five and Six specifically address the Capitol building.

Next, the indictment provides sufficient detail outlining the allegations against the defendant. *See Mejia*, 448 F.3d at 445 (no bill of particulars required where the superseding indictment identified, among other things, the object of the charged conspiracy, the conspiracy's "time period," the applicable *mens rea*, and locations where conspirators acted). Along with providing a specific date for the alleged conduct, the indictment language tracks closely that of the applicable statutes. Nothing in the indictment's language is vague, unclear, or lacking in specificity, especially in light of the defendant's recorded conduct. If the defendant believes the

government's evidence is insufficient or that the statutes themselves are vague as applied to his conduct, then he can move for the appropriate relief.

Moreover, the full scope of the conduct giving rise to the allegations in this case is recorded and has been disclosed to defense. The defendant has copies of his own cell phone, as well as cross-discovery of other cell phones, which show his aggressive, obstructionist conduct on the west front of the Capitol. Capitol building CCTV and videos of other rioters show his entrance into the building (notably, a restricted area) and his disorderly conduct, in addition to his text message – which has also been produced – proclaiming that he "stormed the capital." Thus, the "nature of all events, behavior, and actions upon which the prosecution will rely" to prove that the defendant's conduct violated all these statutes has been disclosed. Through discovery, the government has provided sufficient detail of "the nature of any statements (written, spoken, or adopted), events, actions, behavior, and actions upon which the prosecution will rely."

Third, the defendant requests as it relates to Count One, charging 18 U.S.C. § 1512(c)(2), the government to identify "the nature of any statements (written, spoken, or adopted), events, actions, behavior, and actions upon which the prosecution will rely on to establish or prove Mr. Fonticoba demonstrated the heightened *mens rea* of 'corrupt' intent." *See* Def. Mot. at 1-2. As explained above, the full scope of the conduct giving rise to the allegations in this case is recorded and has been disclosed to defense. Rule 7(f) does not entitle the defendant to the granular information he seeks.  For example, the defendant requests "statements . . . upon which the government intends to rely on to establish or prove Mr. Fonticoba demonstrated the heightened mens rea of 'corrupt' intent," Def. Mot. at 2, but the defendant can, through his own investigation, identify his *own* statements.  A bill of particulars is not a sword that enables the defendant to "force the government to reveal all its evidence before trial." *Taylor*, 17 F. Supp. 3d at 178.

## CONCLUSION

For all these reasons, the Defendant's motion for a bill of particulars should be denied to the extent that he seeks more information than disclosed herein.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By: */s/ Ashley Akers*
   ASHLEY AKERS
   MO Bar #69601
   Trial Attorney
   United States Attorney's Office
   601 D Street, N.W.
   Washington, DC 20530
   Phone: (202) 353-0521