UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GILBERT FONTICOBA,<br><br>    *Defendant*. | Criminal Action No. 21-638 (TJK) |

## MEMORANDUM ORDER

Defendant Gilbert Fonticoba is charged in a six-count indictment for his conduct at the U.S. Capitol on January 6, 2021. He moves for a bill of particulars. The government opposes the motion, arguing that it provided some of the information he requests in response to the motion and the rest in discovery beforehand. This discovery includes, among other things, video of his actions that day and electronic evidence recovered from his and his associates' cell phones. The Court agrees there is no need for a bill of particulars for Fonticoba to understand the charges against him, to help him prepare a defense, or to help him avoid a retrial. A bill of particulars may not be used as a discovery tool or to preview the government's evidence or theory of the case, as Fonticoba seeks to do here. Thus, the Court will deny his motion.

\*   \*   \*

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "[T]o ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges," a defendant may request additional information through a bill of particulars under Federal Rule of Criminal Procedure 7(f). *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir.

1987). "A bill of particulars is a formal written statement by the government that provides details of the charges in the indictment." *United States v. Connell*, No. 21-cr-84 (PLF), 2023 WL 4286191, at *2 (D.D.C. June 30, 2023).

The decision "whether a bill of particulars is necessary rests within the sound discretion of the trial court." *Butler*, 822 F.2d at 1194. In so deciding, courts "must strike a prudent balance between the legitimate interests of the government and the defendant," accounting, in particular, "for 'the government's need to avoid prematurely disclosing evidentiary matters to the extent that it will be unduly confined in presenting its evidence at trial.'" *United States v. Sutton*, No. 21-cr-598 (PLF), 2022 WL 1183797, at *2 (D.D.C. Apr. 21, 2022) (quotations omitted). To that end, "[a] bill of particulars may not be used by a defendant as a discovery tool or a device to preview the government's evidence or theory of the case." *Id.* "If discovery would provide a defendant with sufficiently precise information," *United States v. Ballenger*, No. 21-cr-719 (JEB), 2022 WL 14807767, at *2 (D.D.C. Oct. 26, 2022), "if the indictment is sufficiently specific, or if the requested information is available in some other form," *Butler*, 822 F.2d at 1193, courts should not require a bill of particulars. In practice, "[c]ourts tend to grant bills of particulars in cases where the indictment alleges criminal activity that spans a significant period of time and involves voluminous discovery, multiple actors, and complex transactions." *Sutton*, 2022 WL 1183797, at *2.

\*   \*   \*

For his conduct on January 6, 2021, Fonticoba is charged with: (1) Obstruction of an Official Proceeding in violation of 18 U.S.C. § 1512(c)(2) and 2; (2) Civil Disorder in violation of 18 U.S.C. § 231(a)(3) and 2; (3) Entering and Remaining in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(1); (4) Disorderly and Disruptive Conduct in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(2); (5) Disorderly Conduct in a Capitol Building

in violation of 40 U.S.C. § 5104(e)(2)(D); and (6) Parading, Demonstrating, or Picketing in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(G) ("Counts 1–6"). ECF No. 1. He identifies three categories of information that he says the government should have to disclose to him in a bill of particulars.

First, as to Count 2, Civil Disorder, Fonticoba argues he must "know the name/identity of the law enforcement officer(s) from the U.S. Capitol Police Department, who Mr. Fonticoba allegedly obstructed or interfered with in the performance of their duties, and how . . . he purportedly interfered or obstructed them in the performance of their duties." ECF No. 31 at 1, 3–4.

As for the first part of this request, the government represents that it has "provided the defendant with the following non-exclusive list of relevant officer names": "C.E., C.C., N.C., A.S., B.W., D.R., S.P., S.C., S.W.P., and S.P." ECF No. 33 at 5–6. Done. And as for the second part, the government directs him to the "numerous videos" it has produced in discovery. *Id.* at 6. More than that, the government highlights for him those that "capture the defendant's movements on the west side of the Capitol, including his advance past a waist high black metal fence at approximately 12:57 p.m. and his advance up a set of concrete stairs toward a line of officers at approximately 1:48 p.m." *Id.* And the government identifies the name of a particular video file that shows him and the officers at the black fence. *Id.* Finally, the government represents that "upon request" by the defense, it "can identify a relevant sampling of the [other] videos." *Id.* Given these disclosures and the government's offer to do even more, the Court can see no remaining grounds for a bill of particulars on Count 2.

Second, as to Count 4, Disorderly and Disruptive Conduct in a Restricted Building or Grounds, Fonticoba argues he must "know the nature of all events, behavior, and actions upon which the prosecution will rely . . . to prove this charge, and how such acts are separate and distinct

3

from the alleged criminal acts charged in" Counts 3, 5, and 6.  ECF No. 31 at 1–2.  He says that, because he was allegedly inside the Capitol for less than five minutes, he must know the "distinct acts" that support each count.  *Id.* at 2.

With respect to the first part of this request, the discovery the government has already provided Fonticoba once again renders a bill of particulars unnecessary.  The government produced evidence of Fonticoba's conduct at the U.S. Capitol on January 6 to him that is contained in his and his associates' cell phones, as well as in the form of videos recorded by U.S. Capitol security cameras and by others present at the Capitol that day.  ECF No. 33 at 3, 7.  These materials, the government represents, "show [Fonticoba's] aggressive, obstructionist conduct on the west front of the Capitol," his entrance into the building, and his disorderly conduct, and they include his text in which he said he had "stormed the capitol."  *Id.* at 7.  In light of these disclosures, the Court can perceive no need for a bill of particulars for Fonticoba to understand and defend against Count 4 or these other charges against him.  The information disclosed to him is far more than the "minimum amount of information necessary to permit the defendant to conduct his *own* investigation."  *See United States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C. 2012) (quotation omitted).  And requiring more would impermissibly require the government to explain its theories under the guise of a bill of particulars.  *See United States v. Mostofsky*, No. 21-cr-138 (JEB), 2021 WL 3168501, at *2 (D.D.C. July 27, 2021).

As for the second part, Fonticoba asks for clarification as to how the alleged acts on which the government will rely to prove Count 4 "are separate and distinct from the alleged criminal acts" on which the government will rely to prove Count 3, Entering and Remaining in a Restricted Building or Grounds, Count 5, Disorderly Conduct in a Capitol Building, and Count 6, Parading, Demonstrating, or Picketing in a Capitol Building.  ECF No. 31 at 2.  This part also does not

4

suggest the need for a bill of particulars.  To begin, the Court notes that the acts the government relies on to prove Counts 3, 5, and 6 need not differ from those it relies on to prove Count 4, because each is a separate offense with distinct elements.  But in any event, Fonticoba can readily understand these charges and prepare his defense with all at his disposal.  The language in the indictment for these four counts "echo[es] the operative statutory text while also specifying the time and place of [each] offense," which is "generally enough" to satisfy Rule 7(c)(1) and avoid the need for a bill of particulars.  *United States v. Weeks*, No. 21-cr-247 (TFH), 2022 WL 9296415, at *2 (D.D.C. Oct. 14, 2022) (quoting *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018)).[1]  And again, Fonticoba has all the discovery described above relating to his conduct at the Capitol on January 6.  He cannot "force the prosecution to connect every dot in its case" through a bill of particulars.  *United States v. Han*, 280 F. Supp. 3d 144, 149 (D.D.C. 2017).

Third, as to Count 1, Obstruction of an Official Proceeding, Fonticoba claims he must "know the nature of any statements (written, spoken, or adopted), events, actions, behavior, and actions upon which the prosecution will rely . . . to establish or prove Mr. Fonticoba demonstrated the heightened mens rea of 'corrupt' intent."  ECF No. 31 at 2, 4.  But an indictment "is more than sufficient" if it "adequately alleges the requisite *mens rea* of [the] offense and pleads facts permitting an inference that the defendant acted with the requisite intent."  *United States v. Michel*, No. 19-cr-148-1 (CKK), 2022 WL 4119774, at *5 (D.D.C. Sept. 9, 2022).  The indictment does so, by charging that Fonticoba with acting "corruptly" in connection with Count 1 and alleging

---

[1] *See, e.g.*, *United States v. Crosby*, No. 91-cr-559-8, 1992 WL 35124, at *1 (D.D.C. Feb. 5, 1992) (denying motion for a bill of particulars, noting "a 'bare bones' indictment as regards statutory language, places, dates, and other particulars is the norm and fully permissible, so long as it sets forth all the essential elements of the crime to be charged").

that he used several unlawful means—for example, by entering restricted grounds and acting disorderly—to obstruct Congress's certification of the Electoral College vote.  *See* ECF No. 1.  And again, the government has disclosed to him video that depicts the "full scope of the conduct giving rise to the allegations in this case" and, through electronic discovery, the means to discover statements the government might use to prove his state of mind.  ECF No. 33 at 7.

*     *     *

At bottom, there is no need for a bill of particulars for Fonticoba to understand the charges against him, to help him prepare a defense, or to help him guard against a retrial.  And even so, the government has provided some of the specifics he requests.  In fact, his motion is best characterized as a discovery request disguised as a motion for a bill of particulars, which improperly seeks to learn the government's legal theories and the specific evidence it plans to use to support them.  For all these reasons, it is hereby **ORDERED** that his Motion for Bill of Particulars, ECF No. 31, is **DENIED**.

**SO ORDERED.**

/s/ Timothy J. Kelly<br>TIMOTHY J. KELLY<br>United States District Judge

Date: August 4, 2023