# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:21-CR-638 |
| ) | |
| GILBERTO FONTICOBA ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION IN LIMINE

Comes now Defendant, Gilberto Fonticoba, by and through his undersigned attorney, and respectfully files this motion in limine and states the following grounds:

## GROUNDS

1. Motions in limine should crystallize the evidentiary issues at trial. *Williams v. Johnson*, 747 F. Supp. 2d 10, 14 (D.D.C. 2010). They insulate the jury from inadmissible evidence and of adhering to the goal of conducting proceedings "fairly . . . to the end of ascertaining the truth and securing a just determination." *United States v. Bikundi*, No. 14-CR-030 (BAH), 2015 WL 5915481, at *3 (D.D.C. Oct. 7, 2015). Of course, irrelevant evidence is not admissible. Fed. R. Evid 402. And evidence is relevant only if "it has any tendency to make a fact more or less probable than it would without the evidence, and the fact is of consequence in determining the action." Fed. R. Evid 401; *e.g., United States v. O'Neal*, 844 F.3d 271, 278 (D.C. Cir. 2016). Accordingly, the Federal Rules of Evidence direct the Court to exclude otherwise admissible evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly, presenting cumulative evidence. Fed. R. Evid. 403.

2. Mr. Fontciba seeks to preclude the Government's use any evidence of crimes not charged, and other inflammatory terms and allegations that are not inherent in the crimes charged, and are

1

instead highly prejudicial, inflammatory, have no probative value while only creating jury confusion. Thus, Mr. Fonticoba requests that the Court order exclusion of the words and phrases "terrorism," "terrorist," "insurrection," "insurrectionist," "mob," "rioter," "treason," "traitor," "sedition," "conspiracy," "attack on the Capitol," "attack on democracy," "attack on Congress," "white supremacy/supremacists," "police were killed," and other inflammatory language about others on the grounds such as 'Proud Boys and "Oath Keepers," as well as references to places on the grounds or in the Capitol where he did not allegedly go.

3. Mr. Fonticoba is not charged with insurrection, seditious conspiracy, terrorism, or inciting a riot. He is not a white supremacist or member of any revolutionary group. The Government does not allege he entered the rotunda, any chamber, or Rep. Pelosi's office. Therefore, none of those videos should be used at trial.

4. More specifically, Mr. Fonticoba also seeks to prohibit the Government from admitting the following evidence as irrelevant or unduly prejudicial:

- all evidence of previous Proud Boy rallies in D.C., including those in November and December 2020, and any evidence of him traveling to or from those November and December rallies;

- any video or phots of him in Baltimore with Enrique Tarrio *after* the January 6 riot, any reference to Tarrio at all, and any mention of the BLM banner burning incident involving Tarrio;

- any mention of the Proud Boys, or that he was affiliated with them, and any photos depicting Proud Boys memorabilia/paraphernalia such as shirts, hats, coins, lighters, etc., and any evidence regarding the structure, chain of command, and organization of the Proud Boys; or at least any photos, video, or imagery of Proud Boys that is not from January 6;

- any video, messages, communications, and/or portrayal of any racist, sexist, homophobic, language, and/or symbolism on the basis of relevancy, or in the alternative that is unduly prejudicial, causes confusion of the issues, misleads the jury and is needlessly cumulative; and this includes any social media posts by Mr. Fonticoba, which includes all statements, videos, images, and photos he may have posted;

- any mention of any social media chats where Mr. Fonticoba is not

allegedly texting, including "Boots on Ground or MSOD" chats;

-any videos of January 6 that do not purportedly depict the defendant, in particular highly edited montage-like scenes of violence.

5. It is necessary to remove any suggestion that Mr. Fonticoba's conduct and intent aligns with the widely used descriptions of people he was not with, and for crimes he is not accused of. The jury should not be manipulated to find him guilty based on false descriptors and its perception of political or social problems.

## CONCLUSION

There is no legitimate reason for the Government to use inflammatory words and highly prejudicial descriptions that are not part of the crimes charged or locations where Mr. Fonticoba was allegedly present. The Government should not be allowed to achieve a conviction through the deliberate provocation of bias in the jury.

WHEREFORE, Mr. Fonticoba requests that the Court exclude the evidence described above.

Dated August 11, 2023                     Respectfully submitted,
                                          /s/ Aubrey Webb
                                          Aubrey Webb, Esq.
                                          aubrey@aqwattorney.com
                                          55 Merrick Way, Suite 212
                                          Coral Gables, FL 33134
                                          305-461-1116

## CERTIFICATE OF SERVICE

I hereby certify on the 11th day of August 2023, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ Aubrey Webb