UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

      CASE NO.: 21-CR-638

GILBERT FONTICOBA

      Defendant.

_____/

## MOTION TO STAY SENTENCING HEARING PENDING THE SUPREME COURT'S RESOLUTION OF THE APPLICATION OF 18 U.S.C. §1512

Gilbert Fonticoba, by his undersigned counsel, respectfully moves this Honorable Court to stay his sentencing, set for January 11, 2024, pending the Supreme Court's resolution of *Fischer v. United States,* No. 23-5572, which will determine whether 18 U.S.C. § 1512(c)(2) applies to the conduct of which Mr. Fonticoba has been convicted and states the following grounds:

1. On December 13, 2023, the Supreme Court granted certiorari to resolve the question whether 18 U.S.C. § 1512(c), the now infamous post-Enron obstruction law passed as a corporate reform effort for white collar crimes, which makes it a crime to corruptly obstruct congressional inquiries and investigations, includes "acts unrelated to investigations and evidence" such as those with which Mr. Fonticoba was convicted of regarding his conduct on January 6, 2021, at the United States Capitol. *United State v. Fischer*, --- S.Ct. ----, 2023 WL 8605748*, cert. grant*, (2023).

    The Supreme Court will review the decision of the D.C. Circuit in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), wherein, in a 2-1 ruling, it reversed Judge Nichols's decision dismissing a § 1512(c)(2) charge. Specifically, *Fischer's* petition for certiorari frames the issue as:

> Did the D.C. Circuit err in construing 18 U.S.C. § 1512(c) ("Witness, Victim, or Informant Tampering"), which prohibits obstruction of congressional inquiries and investigation to include acts unrelated to

1

investigations and evidence?

Likewise, Mr. Fonticoba preserved this very issue that the Supreme Court is to consider in *Fischer* by previously filing a motion to dismiss the § 1512 count. *See* Fonticoba's Motion to Dismiss, (ECF 24, filed on August 2, 2022). Subsequently, the government and Mr. Fonticoba entered an agreement titled, "Agreement and Waiver of Jury Trial Rights" that stated, in part, that Mr. Fonticoba preserved his right to appeal this Court's denial of his motion to dismiss the § 1512 count:

> The government agrees that proceeding with a Stipulated Trial will not curtail, abridge, or otherwise affect the defendant's right to appeal the legality, constitutionality, or applicability of Count 1 of the indictment, which charges a violation of 18 U.S.C. §§ 1512(c)(2) and 2.

(ECF 45).

2. Undoubtedly, the Supreme Court's ruling in *Fischer* substantively impacts the lead count, § 1512, which the Court will sentence Mr. Fonticoba on.

3. The § 1512 obstruction count carries a statutory maximum sentence of 20 years imprisonment, a class C felony. *See* 18 U.S.C. § 3559(a)(3). The only other offense of which Mr. Fonticoba has been convicted, 18 U.S.C. § 231 carries a statutory maximum sentence of 5 years imprisonment, a less serious offense, classified as a class D felony. *See* 18 U.S.C. § 3559(a)(4).

4. The § 1512 charge pushes the guideline calculation and recommended sentencing range, which this Court will consider at sentencing. Also, should the Supreme Court's ruling in *Fischer* cause Mr. Fonticoba's § 1512 conviction to be vacated, his sentencing would be materially affected because some of the factors which the Court must consider under 18 U.S.C. § 3553 are: the "nature and circumstances" of the offense, § 3553(a)(1); the "seriousness of the offense," § 3553(a)(2)(A); the "kinds of sentences available," § 3553(a)(3); the "kinds of sentence and the

sentencing range," § 3553(a)(4); and the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," §3553(a)(6). Importantly, any stay would be for a determinate amount of time because the Supreme Court will issue an opinion in *Fischer* no later than the end of its term in July 2024.

5. A stay of the sentencing hearing will preserve judicial resources and costs for the Court and the Probation Department and avoid duplication of efforts and unnecessary arguments. *See* Fed. R. Crim. Proc. 32(b)(2) (court may change time limits for sentencing); Fed. R. Crim. Proc. 2 ("rules are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay").

6. A stay of the proceedings is justified under all the circumstances in this case. Notably, Mr. Fonticoba did not engage in any violence on January 6, 2021. And there have been no issues with Mr. Fonticoba being out on pretrial release since his arrest in October 2021.

7. AUSA Jason McCullough states the government opposes this request.

## CONCLUSION

As such, Mr. Fonticoba respectfully requests that this Honorable Court stay his sentencing for the few months necessary for the Supreme Court to decide the applicability of 18 U.S.C. § 1512(c)(2) to his conduct.

Respectfully submitted,

/s/Aubrey Webb
Law Offices of Aubrey Webb
55 Merrick Way, Suite 212
Coral Gables, Florida 33134
305-461-1116
Email: aubrey@aqwattorney.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was e-filed to the Office of the Clerk, United States District Court, District of Columbia, 333 Constitution Ave., N.W. Washington D.C. 20001, Room 1225 and to the Office of the United States Attorney, 555 4th St N.W., Washington D.C. 20530, on this 16th day of December 2023.

/s/Aubrey Webb