**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **No. 21-cr-638 (TJK)** |
| | : | |
| **GILBERT FONTICOBA,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S MOTION TO STAY SENTENCING**

The United States of America respectfully opposes Defendant Gilbert Fonticoba's Motion to Stay Sentencing Hearing Pending the Supreme Court's Resolution of the Application of 18 U.S.C. § 1512 (ECF No. 48). On December 13, 2023, the United States Supreme Court granted certiorari in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted* 23-5572. The Court will consider the interpretation of the statute criminalizing obstruction of an official proceeding, 18 U.S.C. § 1512(c)(2), which is one of the two felonies for which the defendant was convicted at the stipulated bench trial on October 6, 2023. This development does not merit a continuance of the sentencing hearing scheduled for January 11, 2024.

## I. Background and Procedural History

On October 22, 2021, a federal grand jury returned an indictment that charged Fonticoba with two felony counts—18 U.S.C. §§ 1512(c)(2) and 231(a)(3)—and four misdemeanors—18 U.S.C. §§ 1752(a)(1) and(2) and 40 U.S.C. -§§ 5104(e)(2)(D) and (G). Nearly two years later, the defendant agreed to a 35-page document outlining the stipulated facts on which this Court rendered a verdict of guilty on both felony counts.

Fonticoba now faces sentencing on 18 U.S.C. § 1512(c)(2) (Count One) and 18 U.S.C. § 231(a)(3) (Count Two). The defendant faces up to 20 years of imprisonment, a term of supervised

release of not more than three years, a fine up to $250,000, restitution, and a mandatory special assessment of $100 on Count One; and 5 years of imprisonment, a term of supervised release of not more than three years, a fine up to $250,000, restitution, and a mandatory special assessment of $100 on Count Two.

## II. Legal Standard

When evaluating whether to issue a stay, "a court considers four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The third and fourth factors "merge" when a party moves for a stay against the government. *Id.* at 435. A stay "'is not a matter of right, even if irreparable injury might otherwise result.'" *Id.* at 433 (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). The party seeking the stay bears the burden of "mak[ing] out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936).

## III. Argument

The defendant's motion should be denied because the relevant factors weigh against his request. First, the fact that the Supreme Court granted certiorari in *Fischer* does not establish that the defendant is likely to succeed on the merits of any challenge to his Section 1512(c)(2) conviction. At this time, a panel of the D.C. Circuit and every district court judge but one has agreed with the government's interpretation of that statute. *See Fischer*, 64 F.4th at 338 ("Although the opinions of those district judges are not binding on us, the near unanimity of the rulings is

striking, as well as the thorough and persuasive reasoning in the decisions. . . . The district judge in the instant case stands alone in ruling that § 1512(c)(2) cannot reach the conduct of January 6 defendants."). The mere fact that the Supreme Court agreed to hear *Fischer* does not indicate that those opinions were wrongly decided. *See, e.g.*, *Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir. 1991) ("[T]he grant of certiorari does not necessarily indicate that the position advocated by Heath has any merit, only that it is an important question.").

Were every criminal case stayed while a potentially applicable issue was litigated on appeal in a separate case, the criminal justice system would grind to a halt. *Fischer* and other cases challenging the application of 18 U.S.C. § 1512(c)(2) have been pending for some time, and such developments did not previously merit a broad stay. Nothing has changed by virtue of the Supreme Court's decision to grant *certiorari* in *Fischer*. *See, e.g.*, *United States v. Sara Carpenter*, 21-cr-305 (JEB) (Minute Order, 12/15/2023) (declining to delay sentencing based on *Fischer*); *United States v. Crowl*, 21-cr-28 (APM) (Minute Order, 12/20/2023) (explaining that the defendant was convicted of other felony offenses such that a "delay in sentencing is [not] necessary or justified").

Additionally, it is unlikely that any decision in *Fischer* would be issued by the Supreme Court before the end of its term in June of 2024. That would be nearly three-and-a-half years after the commission of the offenses on which the defendant was convicted. Delaying the sentencing for another six months or more would undermine the interests of the public in the timely adjudication of a case of great significance. A further lengthy delay of sentencing for the defendant would also afford him an unfair advantage not granted to other similar January 6 defendants, many of whom were also convicted of obstruction of Congress and whose Sentencing Guidelines calculations and sentences were influenced by the fact that they were convicted of that offense.

The defendant will not suffer any irreparable injury by proceeding with sentencing as scheduled next month. Even were the Supreme Court to decide *Fischer* adversely to the government, it is not clear that the Court's interpretation of Section 1512(c)(2) would necessarily invalidate the defendant's conviction in this case. And even if it did, the appropriate venue for challenging such a sentence would be a post-sentencing appeal, and not a motion to set aside the verdict. Indeed, a motion for a new trial under Federal Rule of Criminal Procedure 33 would be untimely, as more than 14 days have passed since the verdict in this case, and changes in the law do not constitute newly discovered evidence for purposes of Rule 33(b)(1)'s three-year timing requirement. *See, e.g.*, *United States v. King*, 735 F.3d 1098, 1108-09 (9th Cir. 2013) ("As we held in *United States v. Shelton*, 459 F.2d 1005 (9th Cir. 1972), a change in the law does not constitute newly discovered evidence for purposes of Rule 33."); *United States v. Olender*, 338 F.3d 629, 635 (6th Cir. 2003) ("Newly discovered evidence does not include new legal theories or new interpretations of the legal significance of the evidence."); *United States v. Bailgey*, No. 92-3845, 1994 U.S. App. LEXIS 29946, at *4 (7th Cir. Oct. 24, 1994) ("A new legal theory does not qualify as newly discovered evidence under Rule 33. . . . We dismiss Bailey's claim as untimely because it does not qualify as newly discovered evidence and it was filed more than seven [now 14] days after his verdict."); *United States v. Blake*, No. 10 CR 349(RPP), 2011 WL 3463030, at *5 (S.D.N.Y. Aug. 5, 2011) ("New legal arguments are not considered newly discovered evidence under Rule 33. . . . Therefore, according to Rule 33, such claims must be brought within fourteen days after the verdict."). Defendant "stands in no different position than any other criminal defendant who loses a pretrial motion attacking an indictment on the ground that the underlying criminal statute is unconstitutional. The district court's order in such a case . . . would be fully

reviewable on appeal should the defendant be convicted." *United States v. Cisneros*, 169 F.3d 763, 768-69 (D.C. Cir. 1999).

Moreover, obstruction of Congress was not the defendant's only conviction. The defendant will also be sentenced for interference with law enforcement in violation of 18 U.S.C. § 231(a)(3), which is outside the scope of the *Fischer* appeal. Assuming that the Court permits the defendant to self-report approximately 60-90 days after sentencing in January, and further assuming that the Court denies a motion for bail pending appeal, the defendant would have only served approximately 3 months of time before the Supreme Court's expected decision in mid to late June. Even if the Supreme Court issues an adverse ruling to the government's position, and Fonticoba were only to be sentenced on the § 231(a)(3) offense, the government maintains that his guidelines range would be at least 0 - 6 months (assuming an offense level 8 (after acceptance) and Criminal History Category I).[1] Accordingly, it is unlikely that Fonticoba would have served his full sentence on just the § 231(a)(3) conviction by mid-June.

And if it does somehow happen that Fonticoba serves his full sentence on the other felony count of conviction before the Supreme Court resolves *Fischer*, Fonticoba could move for release pending appeal at that point under 18 U.S.C. § 3143(b). *See United States v. Donovan Crowl*, 21-cr-28 (APM), Dec. 19, 2023 Minute Order ("If Defendant receives a period of incarceration, Defendant of course can seek to remain on release pending appeal. See 18 USC 3143(b)."). Indeed, any potential irreparable injury can be addressed via a motion for release pending appeal under 18

[1] The government disputes Fonticoba's assertion that he "did not engage in any violence on January 6, 2021," and the Statement of Facts would belie that claim. *See*, *e.g.*, ECF 44 at ¶¶ 67-68 (describing the violent destruction of a metal fence) and ¶ 73 (describing the surge up the concrete stairs toward the Capitol building). The government will argue at sentencing that Fonticoba's conduct justifies a significant sentence on the conviction for his interference with federal officers (*i.e.*, 18 U.S.C. § 231(a)(3)).

U.S.C. § 3143(b). Under that statute, a defendant who has been sentenced to a term of imprisonment "shall . . . be detained" unless the court finds that two separate requirements are met:

> (1) "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and
>
> (2) that the appeal "raises a substantial question of fact or law likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

18 U.S.C. § 3143(b)(1)(A)-(B). A "substantial question" is one that is "a close question or one that very well could be decided the other way." *United States v. Peholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). Although the government would likely oppose such a motion, the possibility for release pending appeal is another factor favoring denial of the defendant's motion to stay. The Bail Reform Act – not a stay of the proceedings – is the proper mechanism under which to address any potential prejudice to the defendant.

For all these reasons, the defendant's motion to stay for six months or more should be denied, and the Court should proceed with sentencing on January 11, 2024.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

By: */s/ Ashley Akers*
ASHLEY AKERS
MO Bar #69601
JASON B.A. MCCULLOUGH
NY Bar No. 4544953
DC Bar No. 998006
Assistant United States Attorneys
601 D Street, N.W.
Washington, D.C. 20530
(202) 353-0521
Ashley.Akers@usdoj.gov