UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

                                                                          CASE NO.: 21-CR-638

      **Plaintiff,**

vs.

      **GILBERT FONTICOBA,**

      **Defendant.**
_____/

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STAY HIS SENTENCING PENDING THE SUPREME COURT'S RESOLUTION OF *UNITED STATES V. FISCHER***

      Gilbert Fonticoboa, through counsel, submits his reply to the government's opposition to his Motion to Stay Sentencing until after the Supreme Court resolves *United States v. Fischer*, 64 F.4d 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023) and states the following argument.

      By accepting certiorari in *Fischer*, the Supreme Court will decide: "Did the D.C. Circuit err in construing 18 U.S.C. § 1512(c) ('Witness, Victim, or Informant Tampering'), which prohibits obstruction of congressional inquiries and investigations, to include acts unrelated to investigations and evidence?" *See* Petition for Certiorari, *Fischer v. United States*, No. 23-5572 (filed September 11, 2023). Undoubtedly, the question before the Supreme Court effects the validity of Mr. Fonticoba's § 1512(c) felony conviction, because it will drive the government's calculation of his guideline range. Indeed, the draft PSR uses three specific case characteristics for § 1512(c) enhancing his offense level from 14 to 27, ending in a 24

1

with acceptance for a range of 51-63 months. Whereas if Mr. Fonticoba is sentenced just on the 18 U.S.C. § 231 charge, the likely applicable guideline range would be 0 to 6 months using an offense level of 8.

Contrary to the government's assertion, a stay should be granted upon application of the factors in *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987). First, he has a made a strong showing of likelihood to succeed on the merits. The D.C. Circuit's opinion reversing a district judge's reasoned opinion that § 1512(c) does not cover January 6 defendants was not unanimous. One judge dissented and one judge issued a concurrence. Notably, the Supreme Court granted certiorari even though there is no circuit split. *See* Brief for U.S. in Opp. to Writ of Cert, https://t.ly/8Vgds, at 18 (explaining that "the decision below does not conflict with the decision of any other court of appeals."). Accordingly, the government's unusual application of the obstruction statute may be overturned.[1] Also, the government asserts that the overturning of *Fischer* will not necessarily invalidate Mr. Fonticoba's conviction. Yet, it does not explain why Mr. Fonticoba's conviction would be different from Mr. Fischer's.

And if Mr. Fonticoba is sentenced using the obstruction guidelines and begins serving his sentence, he will be irreparably injured. He will go to prison for a felony that is likely to be invalidated. Anyone who has spent time in a prison or a jail understands that even serving a portion of a sentence which is later vacated constitutes irreparable damage. The government comes close to conceding this. *See*

---

[1] In another January 6 case, *United States v. Seitz*, 21-CR-279, the court recently stayed sentencing pending an opinion in *Fischer*. Similarly, in *United States v. Caldwell*, 22-CR-2015, upon the defendant's motion to stay or continue sentencing due to *Fischer,* the court converted the upcoming sentencing hearing to a status conference.

Gov. Br. 5-6 (suggesting that potential irreparable injury to Mr. Fonticoba can be addressed by a bond motion).

Importantly, the issuance of stay until the end of the Supreme Court's term in June will not substantially injure any party. Rather, a stay will serve judicial economy and preserve resources. If Mr. Fonticoba begins serving his sentence and *Fischer* is overturned, the sentence for both offenses will be vacated under the sentencing-packaging doctrine. *United States v. Smith,* 467 F.3d 785, 789 (D.C. Cir. 2006) ("This result rests on the interdependence of the different segments of the sentence, such that removal of the sentence on one count draws into question the correctness of the initial aggregate minus the severed element.").

Mr. Fonticoba would likely be released, and the parties would have to redo sentencing. Such an inefficient outcome could be avoided by a stay of the sentencing hearing. Indeed, the government's suggestion that bond pending appeal avoids the harm of going forward ignores the wastefulness created by such a procedure. First, the parties will have to litigate the granting of such a bond. Second, if *Fischer* is reversed, the parties will have to re-litigate his sentence. Lastly, Mr. Fonticoba, who has no criminal history, has been compliant with all conditions of release since his arrest in October 2021. The public will not be harmed by a stay, as a stay will serve the public interest by conserving judicial resources.

## Conclusion

Based on the foregoing, Mr. Fonticoba respectfully moves to stay his sentencing hearing until such time that the Supreme Court has resolved the issue presented in *United States v. Fischer*.

        Respectfully submitted,

        /s/Aubrey Webb
        Law Offices of Aubrey Webb
        55 Merrick Way, Suite 212
        Coral Gables, Florida 33134
        305-461-1116
        Email:  aubrey@aqwattorney.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was e-filed to the Office of the Clerk, United States District Court, District of Columbia, 333 Constitution Ave., N.W. Washington D.C. 20001, Room 1225 and to the Office of the United States Attorney, 555 4th St N.W., Washington D.C. 20530, on this 27th day of December 2023.

        /s/Aubrey Webb