UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 21-cr-638 (TJK) |
| | : | |
| GILBERT FONTICOBA, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S OPPOSITION TO
## DEFENDANT'S MOTION TO CONTINUE SENTENCING

Having failed to secure a continuance with his previous motion to stay sentencing for six months (ECF 48), the Defendant now reappears with a request for a 60 – 90 day continuance (ECF 52). Defendant Fonticoba asserts that he will use this time to collect "*more* of his voluminous medical records" (emphasis added) and engage in "substantial briefing, memoranda, and replies on the applicability" of Specific Offense Characteristics. ECF 52. None of the stated reasons demonstrate the need for a continuance. Defense counsel has had and still has ample time to prepare for legal argument at the sentencing hearing, particularly given that this Court and others in this district have engaged in extensive analysis of these Specific Offense Characteristics for similarly situated defendants. *See*, *e.g.*, *United States v. Ethan Nordean, et al.,* Joseph Biggs Sent Hr'g Tr. (Aug. 31, 2023) at 17:16 – 25:17 (addressing application of U.S.S.G. Specific Offense Characteristics 2J1.2(b)(1)(B), (b)(2), and (b)(3)(C)). Likewise, Defendant has failed to demonstrate how the presentation of "more" of his voluminous medical records would have any material impact on the 3553(a) factors. Indeed, after the Court examines all the surrounding facts and circumstances of Defendant's request, the Court will recognize the motion as a baseless second bite at the apple. The Court should deny the motion.

On December 16, 2023, Defendant filed a motion to stay sentencing pending the Supreme Court's Resolution of the Application of 18 U.S.C. § 1512. ECF 48. The government filed its opposition on December 21, 2023, and Defendant filed his reply on December 27, 2023. ECF 49 and 51. At no point in the previous briefing did Defendant Fonticoba mention the need for "*more* of his voluminous medical records" (emphasis added) or "substantial briefing, memoranda, and replies on the applicability" of Specific Offense Characteristics. *Compare* ECF 52 *with* ECF 48 and 51. The Court denied Defendant's motion on December 28, 2023. Defendant filed the instant motion on December 30, 2023.

In his current motion, Defendant fails to demonstrate any legitimate reason for delay. Defendant's claim of surprise at the application of Specific Offense Characteristics is particularly hollow. Indeed, the Defendant has had ample notice of the Specific Offense Characteristics relevant to Defendant's sentencing for 18 U.S.C. § 1512(c)(2), e.g.:

- On January 2, 2023—nearly one year ago—the government offered a proposed plea to Defendant Fonticoba. The plea agreement contemplated a plea of guilty to Count One of the Indictment (18 U.S.C. § 1512(c)(2)), and it set forth an estimated offense level of 25 based on a Base Offense Level 14 (U.S.S.G. §2J1.2) and Specific Offense Characteristics of +8 and +3 because the offense involved property damage (U.S.S.G. §2J1.2(b)(1)(B)) and substantial interference with administration of justice (U.S.S.G. §2J1.2(b)(2)). Defendant Fonticoba rejected the plea.

- On October 6, 2023—nearly two months ago—the Defendant was convicted of Counts One and Two (18 U.S.C. §§ 1512(c)(2) and 231(a)(3)) at a stipulated bench trial. During the stipulated bench trial, the parties discussed the potential Guidelines that would apply at

sentencing, including the potential for an estimated offense level of 27[1] if all Specific Offense Characteristics were to be applied. Sentencing was set for January 11, 2024, and the Defendant raised no concerns about his ability to prepare for sentencing.

- On December 8, 2023—three weeks ago—the United States Probation Office issued a draft Pre-Sentence Report (PSR). ECF 47. The draft PSR calculated the Guidelines for Count One as an offense level 27, after applying the Base Offense Level and Specific Offense Characteristics introduced above.

Separate and apart from the legal issues to be addressed at sentencing, the Defendant fails to demonstrate how "*more* of his voluminous medical records" would have any material impact on sentencing. The draft PSR includes a description of Defendant's physical condition and the Bureau of Prison's capacity for addressing medical ailments. ECF 47 at ¶¶ 159 – 163. The PSR's robust summary demonstrates that Defendant is well positioned to describe his infirmities to the Court, but Defendant's motion fails to demonstrate or even suggest how *more* medical records would serve to enhance the Court's ability to evaluate the 3553(a) factors. The government also notes that none of Defendant's infirmities appear to have prevented his recent participation in Daytona Beach's "annual bike week" from October 20-22, 2023. *See* ECF 46.

This Court should exercise its considerable discretion and reject Defendant's motion. "[T]he decision to grant a continuance is vested in the trial judge's discretion, and reviewable only when such discretion has been abused." *United States v. Haldeman*, 559 F.2d 31, 83 (D.C. Cir. 1976). "[I]n ruling on motions for continuances trial judges must carefully evaluate and then balance the defendant's *need* for the continuance against the Government's interest in going

---

[1] The government noted the potential application of an additional +2 points for offenses that are extensive in scope, planning or preparation. *See* U.S.S.G. §2J1.2(b)(3).

forward." *Id.* (emphasis added). A court's review of a motion to continue "necessarily depends on all the surrounding facts and circumstances," including: (1) the length of the requested delay; (2) whether other continuances have been requested and granted; (3) the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; (4) whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; (5) whether the defendant contributed to the circumstance which gives rise to the request for a continuance; (6) whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; (7) and other relevant factors which may appear in the context of any particular case. *United States v. Burton*, 584 F.2d 485, 491 (D.C. Cir. 1978).

Defendant has failed to demonstrate any need to continue the sentencing. The Specific Offense Characteristics contemplated here raise no novel legal issues. Indeed, this Court and others in this district have engaged in extensive consideration of the Specific Offense Characteristics to the charged offense. The requested delay of 60 – 90 days thus bears no relationship to Defendant's stated need for a continuance. There is no identifiable prejudice to Defendant's case, particularly given the Court's established scheduling order, which includes an additional filing date for replies on January 8, 2024. Moreover, given defense counsel's filing of his instant motion on Saturday, December 30, 2023, the Court can be assured that defense counsel will make appropriate use of holidays and weekends to prepare his contribution to the sentencing on January 11, 2024.

//

//

//

//

For all these reasons, the defendant's motion to 60 – 90 day continuance should be denied, and the Court should proceed with sentencing on January 11, 2024.

                                              Respectfully submitted,

                                              MATTHEW M. GRAVES
                                              United States Attorney
                                              D.C. Bar No. 481052

By:    */s/ Jason B.A. McCullough*
          JASON B.A. MCCULLOUGH
               NY Bar No. 4544953
          ASHLEY AKERS
               MO Bar #69601
          Assistant United States Attorneys
          601 D Street NW
          Washington, D.C. 20530