UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>v.<br><br>Gilbert Fonticoba,<br><br>        Defendant. | Criminal Action No.<br>1:21-cr-00638-TJK-1<br>(Washington, DC) |

**Defendant Fonticoba's Motion for Release Pending Appeal**

Defendant Gilbert Fonticoba moves for release on a personal recognizance bond pending his appeal. 18 U.S.C. § 3143(b). Fonticoba poses neither risk of flight nor danger to the community. His appeal raises substantial, non-frivolous issues that require a new sentencing hearing. He is likely to receive a reduced sentence that is less than the duration of the appeal process.

Fonticoba is currently out-of-custody and scheduled to self-surrender on April 12, 2024.

**I.    18 U.S.C. §3143(b) authorizes release pending appeal.**

To qualify for release under 18 U.S.C. § 3143(b), a convicted defendant must demonstrate:

> (1) By clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released;
>
> (2) That the appeal is not for purposes of delay;

> (3) That the appeal raises a substantial question of law or fact that if determined favorably to the defendant on appeal, will likely result in a reduced sentence to a term of imprisonment less than the...expected duration of the appeal process.

For purposes of applying the statute, "a substantial question is a close question or one that very well could be decided the other way." *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987).

**II.  Fonticoba was found guilty of violating 18 U.S.C. §1512(c)(2) & 2 (Obstruction of an Official Proceeding and Aiding and Abetting) and 18 U.S.C. § 231(a)(3) & 2 (Civil Disorder)**

On January 11, 2024, this Court convicted Fonticoba, following a bench trial, of one count of 18 U.S.C. §1512(c)(2) & 2 (Obstruction of an Official Proceeding and Aiding and Abetting) and 18 U.S.C. § 231(a)(3) & 2 (Civil Disorder). Other charges from the Indictment were dismissed based upon motion of the United States. ECF 67. This Court sentenced Fonticoba to 48 months imprisonment on each of Counts 1 and 2, to run concurrently; and 36 months of supervised released on each of Counts 1 and 2, to run concurrently.

It appears that this Court decided on the term of imprisonment by finding that guideline U.S.S.G. § 2J1.2 applied to Count 1; U.S.S.G § 2X5.1 and § 2A2.4 applied to Count 2; and that the two counts should be grouped under U.S.S.G. §

3D1.2(c).[1] PSR ¶¶ 126-143. The guideline at U.S.S.G. § 2J1.2 produced the highest offense level and was applied to the group. PSR ¶ 131.

The base offense level for 18 U.S.C. § 1512(c)(2), under U.S.S.G. § 2J1.2(a) is 14. The offense level was increased 8 levels based upon a finding that the offense involved causing or threatening to cause physical injury to a person, or property damage, in order to obstruct the administration of justice, under U.S.S.G. § 2J1.2(b)(1)(B). PSR ¶ 133. The offense level was increased 3 levels based upon a finding that the offense resulted in substantial interference with the administration of justice, under U.S.S.G. § 2J1.2(b)(2). PSR ¶ 134. The offense level was increased 2 levels based upon a finding that the offense was otherwise extensive in scope, planning, or preparation in obstruction of an official proceeding, under U.S.S.G. § 2J1.2(b)(3). PSR ¶ 135. This resulted in an adjusted offense level of 27. PSR ¶ 139. It also appears this Court provided for a 3-level reduction, as agreed to by the Government, for acceptance of responsibility, resulting in a total offense level of 24. PSR ¶ 140. It does not appear this Court applied a Chapter Four adjustment, under U.S.S.G. § 4C1.1, despite Fonticoba's lack of criminal history. PSR ¶ 142. His criminal history score was 0, establishing a criminal history category of I. PSR ¶

---

[1] Current counsel did not represent Fonticoba in the previous proceedings but have been appointed to represent him on appeal. A transcript of the sentencing hearing has been ordered but has not yet been received. Information regarding the Guideline calculation is gathered from the Presentence Report, and the Sentencing Memoranda filed by Fonticoba's prior counsel and the United States.

146. The guideline range for imprisonment was 51 to 63-months. PSR ¶ 194. This Court varied slightly from the range in providing a sentence of 48 months.

### III. Fonticoba is not likely to flee or pose a danger to the safety of any other person or the community if released.

Fonticoba has been on bond since his arrest in October 2021. PSR ¶¶ 5-6. Following his conviction and sentencing hearing, he has remained out-of-custody, with a self-surrender date of April 12, 2024. ECF 67.

Following this Court's bench trial, on December 16, 2023, Fonticoba moved to stay the sentencing hearing pending the Supreme Court's resolution of applying 18 U.S.C. § 1512. ECF 48. The Government opposed the motion. ECF 49. This Court denied the motion. Minute Order, December 28, 2023. In doing so, this Court noted that "if Defendant receives a sentence of incarceration, the Court will reconsider any request that he remain on release pending appeal." *Id*. (citing 18 U.S.C. § 3143(b)).

Fonticoba has had no issues with his supervision and has no prior criminal convictions. PSR ¶¶ 6, 146; ECF 56, p. 1. He lives with his elderly mother and teenage daughter. ECF 56, p. 2. His mother has significant health issues and is currently scheduled for eye surgery on April 22, 2024. Exhibit A. His 15 year old daughter also needs his assistance as she lives with Fonticoba and he provides for her daily needs, including transportation to school and after-school activities. ECF 56, p. 3. Fonticoba remains employed and has complied with the conditions of his release. ECF 56, p. 3. Consideration of these factors warrants a finding he is not likely to flee or pose a danger to others.

3

**IV.     The appeal is not for purposes of delay.**

Fonticoba filed a timely notice of appeal from his judgment of conviction because he does not believe that he is guilty of violating 18 U.S.C. § 1512(c)(2) and because he does not believe that increases to his sentencing guideline calculation under U.S.S.G. § 2J1.2 are appropriate. The appeal is not brought for the purpose of delay.

**V.     The appeal raises a substantial question of law or fact that if determined favorably to Fonticoba on appeal, will likely result in a reduced sentence to a term of imprisonment less than the expected duration of the appeal process.**

Fonticoba was convicted, following a bench trial, of Obstruction of an Official Proceeding and Aiding and Abetting, under 18 § U.S.C. 1512(c)(2). He contends this statute does not apply to the allegation he impeded Congress's certification of the Electoral College vote on January 6, 2021. He recognizes that the Court of Appeals for the District of Columbia held to the contrary in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), in a 2-1 opinion. The United States Supreme Court, however, granted certiorari from the D.C. Circuit's decision. *Fischer v. United States*, No. 23-5572, 144 S. Ct. 537 (2023).  Argument is set for April 16, 2024, and a decision is expected by the end of this term in June 2024. Fonticoba preserved this issue in his Motion to Dismiss Count One of the Indictment and Memorandum of Law, filed August 2, 2022. ECF 24.

Fonticoba also contends this Court erred by increasing his sentencing level by 3-levels under U.S.S.G. § 2J1.2(b)(2) and increasing his sentencing level by 8-levels under U.S.S.G. § 2J1.2(b)(1)(B) for interference with "the administration of justice."

4

He preserved this issue in his objections to the draft PSR and Sentencing Memorandum. ECF 56, pp. 8-9.

The Court of Appeals for the District of Columbia recently issued an opinion on March 1, 2024, in *United States v. Brock*, 94 F.4th 39 (D.C. Cir. 2024), holding that "for purposes of Sentencing Guideline 2J1.2, the phrase 'administration of justice' does not encompass Congress's role in the electoral certification process." *Id*. Under *Brock*, this case merits resentencing without application of the § 2J1.2 enhancements.

Removal of the 11-levels of enhancements under § 2J1.2 will reduce the total offense level from 24 to 13. With a Criminal History I, Fonticoba will be facing a sentence of 12-18 months instead of the 51-63 months he faced at the initial sentencing hearing. The expected duration of the appeal process is 12-18 months.

Both issues to be raised by Fonticoba are substantial and have a strong possibility of relief. Release on appeal is appropriate where there are substantial questions of law and fact. 18 U.S.C. § 3143(b). Fonticoba therefore asks this Court to order that he remain out-of-custody on bond pending appeal.

Dated: March 20, 2024.

    Respectfully submitted,
    RENE L. VALLADARES
    Federal Public Defender

    */s/ Wendi L. Overmyer*
    WENDI L. OVERMYER
    Assistant Federal Public Defender

**Certificate of Service**

   I certify that on March 20, 2024, I electronically filed the foregoing with the United States District Court for the District of Nevada by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. The following non-CM/ECF participants will be served by U.S. Mail:  Gilbert Fonticoba.

                 */s/ Jeremy Kip*
                 Employee of the Federal Public Defender