UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | No. 21-cr-638 (TJK) |
| | : | |
| **GILBERT FONTICOBA,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S OPPOSITION TO
## DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant Gilbert Fonticoba's motion (ECF 76), which seeks release pending appeal given the Supreme Court's decision to grant certiorari in *United States v. Fischer*, No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023) and the D.C. Circuit's recent decision in *United States v. Brock*, No. 23-3045, 2024 WL 875795 (D.C. Cir. Mar. 1, 2024). Fonticoba cannot overcome the high barrier for release pending appeal required by 18 U.S.C. § 3143(b), *i.e.*, Fonticoba cannot show that *Fischer* and *Brock* likely will result in a reduced sentence to a term of imprisonment that will expire before his appeal is decided. Indeed, Fonticoba cannot show that *Fischer* or *Brock* will result in *any* reduction of the term of imprisonment imposed by the Court. This Court explained that "even if Count 2 was the only count of conviction" the sentence imposed would be 48 months' imprisonment because the Court "would vary upward significantly to get to 48 months if [it] only had Count 2, because [] given the evidence here of the intent the defendant's conceded, the intent to obstruct the proceeding and the nature of the proceeding itself is so important and so critical in terms of deterrence[.]" Sentc'g Hrg. (Jan. 11, 2024) Tr. at 66:17 – 67:3. In other words, neither *Fischer* nor *Brock* would have any impact on the sentence imposed by this

Court for Fonticoba's conviction for interference with officers in violation of 18 U.S.C. § 231(a)(3).

Moreover, even if the Court had suggested that a reduction in Fonticoba's sentence were possible, which it did not, the statute directs the Court to order the defendant released only once he has served the amount of time he is likely to serve upon resentencing. 18 U.S.C. § 3143(b)(1)(B) ("in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated *at the expiration of the likely reduced sentence*" (emphasis added)). There is no basis to delay Fonticoba's reporting date or disrupt the period of incarceration.

## BACKGROUND

**A.  Fonticoba was convicted of and sentenced for two felonies based on his unlawful conduct on January 6, 2021**

On October 6, 2023, Fonticoba was convicted of Obstruction of an Official Proceeding in violation of 18 U.S.C. §§ 1512(c)(2) & 2 and Civil Disorder in violation of 18 U.S.C. §§ 231(a)(3) & 2. The conviction was supported by a fulsome 36-page Statement of Facts (ECF 44), which the government incorporates as if set forth fully herein. On January 11, 2024, "after considering all the 3553(a) factors," this Court sentenced Fonticoba to concurrent terms of 48 months' imprisonment on each of the counts of conviction. Sentc'g Hrg. (Jan. 11, 2024) Tr. at 67:16-25.

Prior to its consideration of the 3553(a) factors, this Court calculated the advisory sentencing guidelines range to be 51 – 63 months. *Id.* at 59:22. This calculation was based on the Court's findings that:

- the counts group (*id.* at 9:5-9);
- the guidelines for 1512(c)(2) produces the highest offense level (*id.*);
- the calculated offense level, before acceptance, was 27, which calculation was based on the application of U.S.S.G. § 2J1.2 with base offense level 14 (*id.* at 9:10) and specific

2

- offense characteristics of 2J1.2(b)(1)(B) and 2J1.2(b) and 2J1.2(b)(3) with adjustments of +8 and +3 (*id.* at 16:18-20) and +2 (*id.* at 59:18-22), respectively; and

- after acceptance of responsibility under U.S.S.G. § 3E1.1(a), the total offense level was 24, which resulted in a guidelines range of 51 – 63 months (*id.*).

### B.     Fonticoba's *Fischer* Argument.

On December 13, 2023, the Supreme Court granted certiorari in *Fischer* to address whether 18 U.S.C. § 1512(c)(2), which prohibits corruptly obstructing an official proceeding, is limited to acts that impair the integrity or availability of evidence for use in that proceeding. *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), cert. granted, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023). Fonticoba argues (at 5) that if an appellate challenge to his conviction under § 1512(c)(2) is decided in his favor, then his sentence would likely be reduced.

### C.     Fonticoba's *Brock* Argument.

On March 1, 2024, the D.C. Circuit issued its decision in *Brock*. The Court held that § 2J1.2(b)(2)'s three-point enhancement for "substantial interference with the administration of justice" does not apply to interference with the Congress's certification of electoral college votes. *See id*. at *8.[1] Accordingly, Fonticoba argues (at 5) that, without the +8 and +3 "administration of justice" enhancements, his offense level would be reduced to 13, and his advisory guidelines range would be 12 to 18 months' imprisonment.

Fonticoba asks this Court to order that he not serve any period of incarceration while Fonticoba pursues his appeals. Fonticoba's motion should be denied.

## LEGAL STANDARD

Under 18 U.S.C. § 3143(b), a defendant who has been sentenced to a term of imprisonment "shall . . . be detained" unless the defendant meets a two-part test:

---

[1] At this stage, the government is reviewing its appellate options in response to *Brock*.

1. "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and

2. that the appeal "is not for the purpose of delay and raises a substantial question of fact or law likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

18 U.S.C. § 3143(b)(1)(A)-(B); *see also United States v. Perholtz*, 836 F.2d 554, 557 (D.C. Cir. 1988) ("[T]he provision requires a two-part inquiry: (1) Does the appeal raise a substantial question? (2) If so, would the resolution of that question in the defendant's favor be likely to lead to reversal?").

If the Court finds that a defendant is eligible for release because the appeal is "likely" to result in "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process," the remedy is not immediate release; rather, "the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence." 18 U.S.C. § 3143(b)(1)(B). The defendant bears the burden to make the required showing under § 3143(b)(1). *Perholtz*, 836 F.2d at 555-56 (referring to "the required showing on the part of the defendant"); *United States v. Libby*, 498 F. Supp. 2d 1, 3 (D.D.C. 2007).

## ARGUMENT

Fonticoba asserts that the expected duration of the appeal process is 12 – 18 months. ECF 76 at 5. Even assuming the pending decisions in *Fischer* and *Brock* raise a "substantial question," Fonticoba has not shown a likelihood of a reduced sentence to a term of imprisonment less than

the time already served plus the expected duration of the appeal process. See 18 U.S.C. § 3143(b)(1)(B)(iv).

With respect to *Fischer*, the mere fact that the Supreme Court agreed to consider the ruling does not indicate that *Fischer* was wrongly decided. *See, e.g.*, *Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir. 1991) ("[T]he grant of certiorari does not necessarily indicate that the position advocated by Heath has any merit, only that it is an important question."). Furthermore, Fonticoba has not established that a reversal in *Fischer* would "likely" result in reversal of Fonticoba's own § 1512(c)(2) conviction based on the stipulated trial facts. That is, even with a reversal in *Fischer*, Fonticoba's conviction under § 1512(c)(2) may stand based on the facts stipulated to at his trial. Fonticoba's conduct in participating in the January 6 riot and being among the first entrants into the Capitol building, which intrusion by rioters coincided with the stoppage of proceedings in the Senate, did obstruct "the handling, submission, processing, and congressional consideration of the evidence of each State's electoral votes." *See United States v. Brock*, No. 23-3045, at 2-3 (D.C. Cir.) (Millet, J., concurring in order entered May 25, 2023) (describing Brock's intrusion into the Senate Chamber).

Additionally, at any resentencing on remand, the Court would be entitled to consider whether its sentence on the remaining counts was influenced by the vacated obstruction conviction, and could "reconfigure the sentencing plan" to "effectuate its sentencing intent." *United States v. Blackson*, 709 F.3d 36, 40 (D.C. Cir. 2013). The Court would be entitled to consider all of Fonticoba's relevant conduct, including his conduct from the vacated obstruction count. *See United States v. Settles*, 530 F.3d 920, 923 (D.C. Cir. 2008) ("[L]ong-standing precedents of the Supreme Court and this Court establish that a sentencing judge may consider uncharged or even acquitted conduct in calculating an appropriate sentence, so long as that conduct has been proved

5

by a preponderance of the evidence and the sentence does not exceed the statutory maximum for the crime of conviction."). Indeed, this Court engaged in precisely this analysis when fashioning its sentence. Specifically, when sentencing Fonticoba, this Court made clear that it would have imposed the same sentence of 48 months incarceration "even if Count 2 was the only count of conviction." Sentc'g Hrg. (Jan. 11, 2024) Tr. at 66:17 – 67:3. Moreover, the Court's decision came after the defendant had argued that Fonticoba's offense level would reduce from 27 to 10 if Fonticoba's conviction for 1512(c)(2) were overturned. *Id.* at 47:12 – 48:5. This Court acknowledged that vacating the 1512(c)(2) conviction "would affect the guidelines in the way you suggest," but explained to defense counsel that the Court would be "almost crazy" if the Court did not "vary up significantly" to address the defendant's attempt to obstruct the Certification. *Id.* at 48:6-22. The Court has it right—taking aim at the peaceful transfer of power through force and intimidation is "relevant conduct" of Fonticoba's crime that should factor significantly into any sentence imposed. A 48 month sentence to address Fonticoba's conduct is both necessary and appropriate for specific and general deterrence because acts of political violence like January 6 "risk[] begetting a vicious cycle that could threaten cherished conventions and imperil our very institutions of government." J. Lamberth, Notes for Sentencing of Taylor James Johnatakis, 21-cr-91, ECF 272 at 5.

Based on the factors considered by the Court in rendering its sentence and the considerations cited in pronouncing its sentence, Fonticoba's bare assertion that he could receive a reduced sentence if Count One were vacated is not enough to carry his burden under 18 U.S.C. § 3143(b)(1)(B)(iv).

With respect to *Brock*, Fonticoba again incorrectly assumes that a lower Guidelines range for the 1512(c)(2) will result in a reduced sentence. Indeed, it is axiomatic that, if this Court would

have imposed the same sentence of 48 months incarceration "even if Count 2 [18 U.S.C. § 231(a)(3)] was the only count of conviction," then a reduction in the guidelines calculation for the 1512(c)(2) charge would have no impact on the sentence imposed. *Id.* at 66:17 – 67:4.

In fact, at any resentencing following *Brock*, the Court could apply an upward departure for "significant disruption of a governmental function" under U.S.S.G. § 5K2.7, or vary upward from the Guidelines range to account for the § 3553(a) factors, as is appropriate whenever "the defendant's conduct was more harmful or egregious than the typical case represented by the relevant Sentencing Guidelines range." *United States v. Murray*, 897 F.3d 298, 308-09 (D.C. Cir. 2018) (cleaned up).[2]

If anything, and as the Court appears to have recognized, Fonticoba's breach of the Capitol building in combination with others with the intent of stopping Congress from certifying a presidential election is more serious than interfering with a routine court proceeding. Sentc'g Hrg. (Jan. 11, 2024) Tr. at 66:8-11 ("[W]hat happened that day was in some ways as serious as an offense as there can be, given that the whole event threatened the peaceful transfer of power from one president to another."); *id.* at 66:23 – 67:4 (explaining that the sentence would be the same "given the evidence here of the intent [that] the defendant's conceded, the intent to obstruct the proceeding and the nature of the proceeding itself[.]"). Yet, after *Brock*, the Guidelines would establish a higher advisory guidelines range for a defendant who substantially obstructed a routine

---

[2] At any resentencing, the government may argue that additional departure provisions apply. For example, given the dangerous circumstances created by the riot, the Court could depart under § 5K2.14 in addition to, or as an alternative to, departing under § 5K2.7. Section 5K2.14 provides for a departure if "national security, public health, or safety was significantly endangered." Because the assault on the Capitol endangered the safety of the public, police, and elected officials in a way not already captured by Roche's Guidelines range, a departure would be appropriate. *Cf. United States v. Calloway*, No. 21-3057, 2024 WL 925790, at *3 (D.C. Cir. Mar. 5, 2024) (affirming departure under § 5K2.14 where district court found that the defendant "created a serious risk that multiple individuals could have been killed or injured").

court proceeding than the guidelines range for Fonticoba, who took aim at stopping the democratic transfer of power inherent to the U.S. Constitution. While the D.C. Circuit resolved *Brock* on a technical, linguistic interpretation of a Guidelines enhancement, even *Brock* acknowledged the mismatch between those who violently interfere with a court proceeding as opposed to the certification. *Brock*, No. 23-3045, at 36 ("Maybe. But that is a policy argument the government can present to the [Sentencing] Commission."). To address this anomaly, and account for a particularly aggravating aspect of Fonticoba's offense conduct, the Court has already indicated that it would vary upward at any resentencing in this case.

Finally, even if a reduced sentence were possible at resentencing, the remedy is not to delay Fonticoba's incarceration now. Instead, § 3143(b) directs the Court to order the defendant released only once he has served the amount of time he is likely to serve upon resentencing. 18 U.S.C. § 3143(b)(1)(B) ("in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated *at the expiration of the likely reduced sentence*" (emphasis added)). The government respectfully submits that the duration of any appeal process for this case is shorter than any sentence to be imposed by this Court.

## CONCLUSION

For these reasons, the United States respectfully requests that the Court deny the defendant's motion for release pending appeal.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   <u>*/s/ Jason B.A. McCullough*</u>
     JASON B.A. MCCULLOUGH
        NY Bar No. 4544953
     ASHLEY AKERS
        MO Bar #69601
     Assistant United States Attorneys
     601 D Street NW
     Washington, D.C. 20530
     jason.mccullough2@usdoj.gov
     202.252.7233

9