'UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GILBERT FONTICOBA,<br><br>*Defendant*. | Criminal Action No. 21-638 (TJK) |

## MEMORANDUM ORDER

After a stipulated trial on two felony counts for Defendant's conduct related to the attack on the U.S. Capitol on January 6, 2021, the Court varied downward and sentenced him to a term of incarceration of 48 months. About three weeks before his scheduled surrender date of April 12, 2024, Defendant moved for release pending appeal. He argues that his appeal raises substantial, non-frivolous issues that require a new sentencing hearing, and that he is likely to receive a reduced sentence that is less than the expected duration of his appeal process. Because the Court finds that Defendant has failed to carry his burden on the latter issue, it will deny his motion.

\*   \*   \*

On October 6, 2021, Defendant was convicted at a stipulated trial of Obstruction of an Official Proceeding, in violation of 18 U.S.C. §§ 1512(c)(2) & 2, and Civil Disorder, in violation of 18 U.S.C. §§ 231(a)(3) & 2. *See* ECF No. 67 at 1. The Court sentenced him on January 11, 2024. The Court grouped the two counts and determined that the § 1512(c)(2) count produced the highest offense level. The Court calculated the sentencing guideline range for that count by starting with a base offense level of 14 under U.S.S.G. § 2J1.2, and applied the specific offense characteristics in 2J1.2(b)(1)(B), 2J1.2(b)(2), and 2J1.2(b)(3). Sentc'g Hrg. Tr. at 16:18–21, 57:13–15 (Jan. 11, 2024). After a reduction to his offense level for acceptance of responsibility, the Court

calculated Defendant's total offense level as 24, which produced a resulting guideline range of 51–63 months imprisonment. *Id.* at 59:21–22. After considering the factors under 18 U.S.C. § 3553(a), the Court varied downward and sentenced Defendant to 48 months imprisonment. *Id.* at 66:5–7. The Court gave him ample time to arrange his affairs and ordered him to surrender no earlier than April 12, 2024. *Id.* at 75:3-5

On January 18, 2024, Defendant noticed an appeal of the Court's judgment and sentence, including its denial of his motion to dismiss the § 1512(c)(2) count. ECF No. 66.

On March 1, 2024, the D.C. Circuit issued its decision in *United States v. Brock,* in which it held that "for purposes of Sentencing Guideline 2J1.2, the phrase 'administration of justice' does not encompass Congress's role in the electoral certification process." 94 F.4th 39, 51 (D.C. Cir. 2024). Instead, "'administration of justice' refers to judicial, quasi-judicial, and adjunct investigative proceedings." *Id*. Applying that definition, the Circuit concluded that the district court "erred in applying [Guideline] § 2J1.2(b)(2)'s three-level sentencing enhancement to [a] Section 1512(c)(2) conviction." *Id*. at 59.

On March 20, 2024, Defendant moved for release pending appeal under 18 U.S.C. § 3143(b), which the Government opposed. *See* ECF Nos. 76, 79.

\*     \*     \*

Under 18 U.S.C. § 3143(b), a defendant sentenced to a term of imprisonment and who has filed an appeal may be released if he shows: (1) "by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community"; and (2) "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in . . . a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. §§ 3143(b)(1)(A), (B)(iv).

"Defendant bears the burden of showing that both statutory prongs are met." *United States v. Williams*, No. 21-cr-377 (BAH), 2024 WL 1253949, at *3 (D.D.C. Mar. 25, 2024) (citing *United States v. Perholtz*, 836 F.2d 554, 555–56 (D.C. Cir. 1987) (per curiam)).

The Government does not contest that Defendant is unlikely to flee and does not pose a danger to the safety of any other person or the community. Thus, the only issue is whether Defendant has met his burden under the second prong of the test.

Defendant argues that his appeal raises a substantial question of law and is likely to result in a reduced sentence to a term of imprisonment less than the expected duration of the appeal process for two reasons. First, he argues that because the Supreme Court granted certiorari and will hear argument on the scope of § 1512(c)(2), *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023), his conviction on that count is likely to be reversed. Second, he argues that given the D.C. Circuit's opinion in *Brock*, the specific offense characteristics that the Court applied to increase his offense level under 2J1.2(b)(1)(B) and 2J1.2(b)(2) will be reversed, even if his § 1512(c)(2) conviction is not. Under that scenario, according to Defendant, his offense level would drop 11 levels to 13, which would reduce his guideline range to 12–18 months, the same as the 12–18 month expected duration of his appeal process.

The Court assumes for purposes of its analysis that Defendant is right that *Fischer* and *Brock* raise "substantial questions" that will be decided in his favor on appeal. But even so, he has failed to carry his burden of showing that these developments will result in a reduced term of imprisonment less than the expected duration of his appeal process, which the parties agree is 12–18 months. During sentencing, the Court made clear that even if Defendant had only been convicted under §§ 231(a)(3) & 2, it would have varied upward and imposed the same 48-month

sentence.  Sentc'g Hrg. Tr. at 66:17–20 (Jan. 11, 2024).  And while the Court did not explicitly address the issue raised in *Brock*, it did contemplate a scenario in which Defendant's total offense level was 10 and explained that in such a case, "it would be almost crazy" for the Court not to "vary up significantly because . . . we've got to capture for deterrence purposes, [] all the other 3553(a) factors." *Id.* at 48:12–19.  Nothing has changed to convince the Court otherwise.  Indeed, while the Court need not recount them all here, the facts to which Defendant stipulated reflect his involvement in the planning and execution of events that unfolded at the Capitol on January 6, 2021, his coordination with a large, organized group in doing so, and his instructions to others afterward about how to evade investigation.  *See* ECF No. 44.  And unlike some cases cited by Defendant in his reply, he specifically admitted to intending to obstruct Congress's certification of the Electoral College vote and to doing so corruptly.  *Id*. at 35.  All of that underscores the Court's observation that, even if Defendant's total offense level were 10, a significant variance upward— at a minimum, well above 18 months—would have been warranted to "afford adequate deterrence to criminal conduct."  18 U.S.C. § 3553(a)(2)(B).  Similarly, such an upward variance would have been necessary to "reflect the seriousness of the offense."  *Id*. § 3553(a)(2)(A).

In addition, as other courts have recognized, after *Brock*, an upward variance in cases like this would be needed "to avoid unwanted sentence disparities between defendants," 18 U.S.C. § 3553(a)(6).  Judge Friedrich recently explained why:

> "Following *Brock*, obstructive conduct is subject to a potential 11-point Guidelines swing depending on whether it interfered with, on one hand, a 'judicial, quasi-judicial, and adjunct investigative proceedings,' or on the other hand, any other type of formal proceeding. [citation omitted].  This disparity—though tracking the Guidelines' text—does not reflect the importance and solemnity of the Congressional proceeding to certify the electoral vote count, nor does it reflect the gravity of [Defendant's] obstructive conduct."

*United States v. Reffitt*, No. 21-cr-32 (DLF), ECF No. 182 at 10 (D.D.C. Apr. 10, 2024).  Indeed,

4

as she then pointed out, many judges have noted that the congressional proceedings to certify the Electoral College vote—whether or not they count as the "administration of justice" for guidelines purposes—are far more important than any "run-of-the-mill" judicial or quasi-judicial proceeding.[1]  *Id.* at 10 – 11.  The Court agrees.  Thus, if *Brock* had been decided before Defendant was sentenced, the Court would have varied upward to reach a sentence well above 18 months for this reason as well.

\*     \*     \*

For all these reasons, Defendant has not shown that the issues he identifies are likely to result in his sentence being reduced to less than the expected duration of his appeal process.  Thus, it is hereby **ORDERED** that Defendant's Motion for Release Pending Appeal, ECF No. 76, is **DENIED**.[2]

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: April 11, 2024

---

[1] *See, e.g.*, *United States v. Hale-Cusanelli*, No. 21-cr-37 (TNM), ECF No. 120 at 86:01–07 ("Regardless of whether the 'administration of justice' language actually applies to this situation, I have no doubt that the Commission would have intended for this to apply to substantial interference with an official proceeding like a certification process, which is itself more significant than almost any court proceeding."); *United States v. Roche*, No. 22-cr-86 (BAH), 2024 WL 1328459, at 5 n.5 (D.D.C. Mar. 28, 2024).

[2] The Court also notes that even if Defendant had met his burden, the remedy under § 3143(b)(1)(B) is for the Court to "order the detention terminated at the expiration of the likely reduced sentence."  Thus, in no case would Defendant's motion have affected his April 12, 2024 surrender date.