UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 21-cr-638 (TJK) |
| | : | |
| GILBERT FONTICOBA, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' MOTION TO HOLD DEFENDANT'S 28 U.S.C. § 2255 MOTION IN ABEYANCE PENDING DIRECT APPEAL**

Gilbert Fonticoba has appealed the Court's judgment convicting him of violating 18 U.S.C. §§ 1512(c)(2) and 231(a)(3). *United States v. Gilbert Fonticoba,* 24-3004 (D.C. Cir.); *see also* ECF 66. On June 27, 2024, the D.C. Circuit entered an order setting a briefing schedule to begin on September 25, 2024, with the filing of the Appellant's Brief, and to conclude with the filing of the Appellant's Reply Brief on November 15, 2024.

Fonticoba has now come to this Court to ask it to adjudicate a § 2255 motion challenging his § 1512(c)(2) conviction based on the Supreme Court's ruling *Fischer v. United States*. 144 S. Ct. 2176 (2024). ECF 86 at 12; ECF 88 at 12. In addition, in an amended § 2255 motion, Fonticoba challenges the Court's finding that the Statement of Facts prove a violation of 18 U.S.C. § 231(a)(3) (*id.* at 12-13 (Ground Two)) and asserts that this Court erred in its calculation of the Offense Level calculation at sentencing (*id.* at 13-14 (Grounds Three and Four)). Fonticoba does not allege ineffective assistance of counsel.

The Court should stay resolution of the defendant's § 2255 motion and hold it in abeyance pending resolution of the appeal in the D.C. Circuit. Allowing the defendant to litigate the same issues in both forums wastes judicial resources and disrupts the orderly administration of criminal law.

The D.C. Circuit has long recognized that, although there is "no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal[,] … the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances." *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968) (footnotes omitted). *See* Rules Governing § 2255 Proceedings, Rule 5, advisory committee note (noting that "courts have held that [a § 2255] motion is inappropriate if the movant is simultaneously appealing the decision" and citing *Womack*, 395 F.2d at 631). *Compare United States v. Prows*, 448 F.3d 1223, 1228–29 (10th Cir. 2006) (permitting a government appeal of the defendant's sentence and a defendant's § 2255 motion alleging ineffective assistance of trial counsel to proceed simultaneously because they raised "completely different and non-overlapping issue[s]").

Concerns with judicial economy underlie this general limitation on permitting a party to litigate in two forums at once. Resolution of the issue on "direct appeal may render the collateral attack unnecessary." *Womack*, 395 F.2d at 631. And limiting litigation of the issue to a single forum avoids the risk of the appellate ruling either mooting or being inconsistent with the district court's order. *See United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002) ("Any concern over such a practice [of proceeding on direct appeal and § 2255 simultaneously] is one of judicial economy and the concern that the results on direct appeal may make the district court's efforts on the § 2255 motion a nullity"); *United States v. Taylor*, 648 F.2d 565, 572 (9th Cir. 1981) (the filing of a direct appeal "severely restricts the filing of a collateral claim with the District Court[] to avoid any anomaly associated with the simultaneous consideration of the same case by two courts").

Here, the defendant's § 2255 motion attacks his felony conviction under 18 U.S.C. §§ 1512 and 231(a)(3) and the Court's calculation of the Offense Level for sentencing. Fonticoba has identified these same issues for appeal. ECF 66 ("Judgment of Guilt and Sentence entered on January 11, 2024, and the order denying the motion to dismiss the 1512(c)(2) entered on October 6, 2023"). Because resolution of the direct appeal directly implicates issues contained in the § 2255 motion, this Court should exercise its discretion to stay the § 2255 motion. *See e.g.*, *United States v. Prows*, 448 F.3d 1223, 1229 (10th Cir. 2006) (recognizing that a district court has discretion to stay the § 2255 motion pending appeal where the issues overlap). Nothing in the defendant's § 2255 motion establishes extraordinary circumstances that would warrant permitting him to litigate the same issue(s) simultaneously in two forums. Nor is there anything to suggest that a stay of the § 2255 motion during the pendency of the appeal would result in unfairness. *Cf. United States v. Tindle*, 522 F.2d 689, 693 n. 10 (D.C. Cir. 1975) (noting that the "extraordinary circumstances" requirement is not immutable and "should not be uncompromisingly applied to effect an unfair result").

This case is unlike *Tindle,* where the Circuit permitted consideration of a § 2255 motion based on ineffective assistance of counsel because *Womack*'s general rule against simultaneous proceedings conflicted with other Circuit precedent providing that ineffective assistance of counsel claims should be raised in district court even if a direct appeal is pending. 522 F.2d at 689. Here, the § 2255 motion is not based on ineffective assistance of counsel; it is principally a straight claim as to the merits of the defendant's conviction and sentence after *Fischer*. Fonticoba was convicted of two felonies in this case and sentenced to a 48-month term of imprisonment. This Court has previously explained that even if *Fischer* were to be decided in Fonticoba's favor, Fonticoba's term of imprisonment would still extend beyond the expected duration of the appeal process. ECF

81 at 3-4 ("The Court assumes for purposes of its analysis that Defendant is right that *Fischer* and *Brock* raise 'substantial questions' that will be decided in his favor on appeal. But even so, he has failed to carry his burden of showing that these developments will result in a reduced term of imprisonment less than the expected duration of his appeal process, which the parties agree is 12–18 months."). Indeed, to the extent Fonticoba believes he is serving a sentence that will be reduced, for convictions that will be overturned, Congress has created a statutory regime to address concerns about the length of time that a defendant's appeal may be pending. And the remedy for which Congress has provided is bail pending appeal, not premature and duplicative § 2255 litigation. *See* 18 U.S.C. § 3143(b).[1]

      Litigating Fonticoba's § 2255 motion now, moreover, would create procedural issues that would more likely prejudice the defendant than the government. Because he has not even filed his opening brief in the D.C. Circuit, Fonticoba's claims would be procedurally defaulted, requiring him to show both cause and prejudice (which he cannot) or meet the higher burden of actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622 (1998). And the ban on successive habeas petitions would not allow him to try his chances now and then refile once the D.C. Circuit decides his appeal. *See* 28 U.S.C. § 2255(h). These procedural rules, again, reflect a preference for the orderly administration of justice, where the direct appeal is settled first, and then, if necessary, a defendant has an opportunity to avail himself of the limited relief available under Section 2255.

      Judge McFadden recently granted a similar motion in another case involving a January 6 defendant who filed a § 2255 motion while his direct appeal challenging his conviction under 18

---

[1] Should Fonticoba file another motion for bail pending appeal, the government reserves the right to respond under the legal framework applicable to such a request.

U.S.C. § 1512(c)(2) was pending. Order, *United States v. Speed,* 22-cr-244 (TNM), ECF No. 85 (D.D.C. Aug. 26, 2024). He rejected the defendant's arguments and found that the defendant failed to establish "extraordinary circumstances." *Id.* at 1. As in *Speed,* no extraordinary circumstances are present here. This Court should stay the defendant's § 2255 motion and hold it in abeyance pending resolution of his direct appeal.

                Respectfully submitted,

                MATTHEW M. GRAVES
                United States Attorney
                D.C. Bar No. 481052

By:    */s/ Jason B.A. McCullough*
                JASON B.A. MCCULLOUGH
                    DC Bar No. 998006
                    NY Bar No. 4544953
                ASHLEY AKERS
                    MO Bar No. 69601
                Assistant United States Attorneys
                601 D Street NW
                Washington, D.C. 20530
                jason.mccullough2@usdoj.gov
                202.252.7233