UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | No. 21-CR-638 (TJK) |
| GILBERT FONTICOBA, : | |
| Defendant. : | |

**Joint Status Report Regarding Further Proceedings**

On November 20, 2024, the above-captioned case was remanded from the United States Court of Appeals for the District of Columbia. *See* ECF No. 95. The Circuit ordered that the defendant's conviction under 18 U.S.C. §§ 1512(c)(2), (2) be vacated and remanded for further proceedings. *Id.* On November 25, 2025, this Court issued a Minute Order directing the parties to file a joint status report regarding further proceedings, in light of the mandate.

**Government Response**

In a situation as here, after the Circuit has vacated a conviction and remanded the case for further proceedings, the Court retains discretion to determine whether resentencing is necessary in light of the sentence imposed in that particular case. *United States v. Blackson*, 709 F.3d 36, 40 (D.C. Cir. 2013) ("[W]hen th[e] [Circuit] vacates one count of a multi-count conviction, the district court on remand should begin by determining whether that count affected the overall sentence and, if so, should reconsider the original sentence it imposed."). "[I]n the absence of more specific remand instructions, the general rules for resentencing set forth in *[United States v.] Lyons*, [706 F.2d 321 (D.C. Cir. 1983)], [*United States v.] Whren*, [111 F.3d 956 (D.C. 1997)], and [*United States v.] Rhodes*, [145 F.3d 1375 (D.C. Cir. 1998)] apply." *Blackson*, 709 F.3d at 42. Thus, consistent with Circuit precedent, the mandate directs this Court to consider whether the sentences

imposed on the remaining counts are impacted by the vacatur of Fonticoba's § 1512(c)(2) conviction. If the Circuit's decision and vacatur of the § 1512 conviction affected the sentence, a resentencing is appropriate; if the vacatur had no impact on the sentence for the remaining counts, resentencing is not permitted.[1]

Resentencing is not warranted on the unique facts of this case. Here, Fonticoba was convicted following a stipulated trial of two counts: 18 U.S.C. §§ 1512(c)(2), (2) and 18 U.S.C. § 231(a)(3). The Court sentenced Fonticoba to 48 months of incarceration on Count One (18 U.S.C. §§ 1512(c)(2), (2)) and 48 months of incarceration on Count Two (18 U.S.C. § 231), to run concurrently. At sentencing, the Court calculated the total offense level at 24, with the Guidelines calculation of 51 to 63 months. The 48-month sentence was a downward departure from the Guidelines range.

The Court determined that 48 months was the appropriate sentence based on Fonticoba's conduct and a careful analysis of the § 3553(a) factors. Sent. Tr. at 59-66 (Jan. 11, 2023). The Court identified several aggravating factors, including that Fonticoba traveled to the Capitol with "intent to obstruct" the certification proceeding, *id.* at 62; that he was cheering on violence in pursuit of his political goals, *id.*; that he joined a "100-man-strong fighting force that circled the Capitol," and that he played a role in "destroying the fence," *id.*

---

[1] The government has taken the position that resentencing may be necessary in other January 6 cases involving the vacatur of a count of conviction under 18 U.S.C. § 1512(c)(2). *See, e.g.*, *United States v. Bender*, No. 21-cr-508-BAH, ECF 171; *United States v. Stedman*, No. 21-cr-383-BAH, ECF 106; *United States v. Williams*, No. 21-cr-37-BAH, ECF 158. *But see United States v. Rubenacker*, No. 21-cr-193-BAH, ECF 101 (taking position that resentencing was not necessary). Those requests for resentencing have largely been because, unlike here, the total sentence was affected by the vacatur and the sentence would not adequately account for the defendant's conduct, thus undermining the Court's original sentencing intent. As explained herein, whether resentencing is appropriate is a fact-intensive determination that turns on the unique circumstances of each case.

1

Notably, after the careful consideration, the Court contemplated an adverse-to-the-Government decision in *United States v. Fischer*, No. 21-cr-234, and factored that into the ultimate sentence. Specifically, the Court concluded that, even if the Section 1512 conviction were vacated, and the Section 231(a)(3) conviction "was the only count of conviction," the Court would still sentence Fonticoba to 48 months:

> But I want to make one other point, and we kind of alluded to this in our discussion earlier. **This would be my sentence, even if Count 2 was the only count of conviction here. This would be my sentence, 48 months.** I would, in that case, have -- I'm varying downward given the posture we're in. But I would vary upward significantly to get to 48 months if I only had Count 2, because I think there, again, given the evidence here of the intent the defendant's conceded, the intent to obstruct the proceeding and the nature of the proceeding itself is so important and so critical in terms of deterrence and all the rest and in terms of the specific fact pattern here that that would be my sentence.

Sent. Tr. at 66.

Given the foregoing, the Court may properly find that the vacatur of the § 1512(c)(2) conviction does not undermine its "original sentencing intent," and resentencing in this case is not warranted. *See Blackson*, 709. F.3d at 41. Notwithstanding, the government stands ready to conduct a resentencing if the Court deems it necessary. If the court proceeds to resentencing, the government respectfully requests the opportunity to submit a revised sentencing memorandum.

**Defendant's Response:**

Mr. Fonticoba's position is that a resentencing hearing should be held for several reasons. A remand following vacatur of a conviction in a multi-count case requires several determinations by this Court, which would be assisted by new sentencing memoranda:

> [W]hen this court vacates one count of a multi-count conviction, the district court on remand should begin by determining whether that count affected the overall sentence and, if so, should reconsider the original sentence it imposed. Second, [] the district court may also consider such new arguments or new facts as are made newly relevant by the court of appeals' decision— whether by the reasoning or by the result. Third, the district court is further authorized to consider facts that did not exist at the time of the original sentencing: for example, [] the district court could consider rehabilitation

2

efforts that the defendant had undertaken since receiving his original sentence.

United States v. Blackson, 709 F.3d 36, 40 (D.C. Cir. 2013) (internal quotations and citations omitted); see *also United States v. Whren*, 111 F.3d 956, 958 (D.C. Cir. 1997) ("A defendant should not be held to have waived an issue if he did not have a reason to raise it at his original sentencing."); United States v. Little, No. 24-3011,___ F.4th ___, slip op. pg. 19 (D.C. Cir. Dec. 12, 2024) ("When a defendant successfully challenges his or her sentence or conviction, the prior sentence is "wholly nullified and the slate wiped clean.") (citing *North Carolina v. Pearce*, 395 U.S. 711, 721 (1969)).

Second, because the government intends to seek a 48-month sentence—a substantial variance from the agreed upon Sentencing Guideline range of 0 to 6 months for a conviction under 18 U.S.C. §§ 231(a)(3) & 2—new sentencing memoranda addressing such a large variance is necessary. Third, new sentencing memoranda is also necessary to addressing relevant post-sentencing conduct under 18 U.S.C. § 3553(a) and *Pepper v. United States*, 562 U.S. 476 (2011) (when a conviction or sentence is set aside on appeal, the district court may consider evidence of post-sentencing rehabilitation when resentencing the defendant).

The parties request this Court hold a status check during the week of January 13, 2025, to determine whether a resentencing hearing should be held and, if so, a schedule for new sentencing memoranda. Mr. Fonticoba is in the custody of the Bureau of Prisons. He asks to appear by video for the status check. Mr. Fonticoba's attorneys, who are located in Las Vegas, Nevada, also request to appear by video for the status check. The Government does not oppose this request for all parties to appear by video conference.

Dated:  December 20, 2024.

        Respectfully submitted,

        RENE L. VALLADARES
        Federal Public Defender

        */s/ Wendi L. Overmyer*
        WENDI L. OVERMYER
        Assistant Federal Public Defender

        JONELL THOMAS
        Assistant Federal Public Defender
        411 E. Bonneville, Suite 100
        Las Vegas, NV 89101

        *ATTORNEYS FOR DEFENDANT*

        MATTHEW M. GRAVES
        United States Attorney

        */s/ Ashley Akers*
        ASHLEY AKERS
        Assistant United States Attorney
        601 D Street NW
        Washington, D.C. 20530
        Ashley.akers@usdoj.gov
        202.353.0521

        *ATTORNEYS FOR UNITED STATES*